### No. 6927.

### HYPOLITE GALLY VS. MICHAEL DOWLING, CURATOR.

A mortgage creditor has the legal right to proceed by executory process, in a court of ordinary jurisdiction, against any property of a succession to which his mortgage attaches, and subject the proceeds of the property to the satisfaction of his debt.

APPEAL from the Fifteenth Judicial District Court, parish of Lafourche. Beattie, J.

E. W. Blake and T. A. Flanagan for defendant and appellant.

F. S. Goode for plaintiff and appellee.

The opinion of the court was delivered by

MARR, J. Hypolite Gally sold a certain property on the Bayou La-

fourche to Villiers and Ewing; and for the credit part of the price they gave him their joint and several promissory notes, payable to their own order and by them indorsed in blank, secured by vendor's mortgage.

Ewing died; and at succession sale Gally purchased and became the owner of his undivided half of the property. Subsequently Villiers died, and Michael Dowling was appointed curator of his succession. A large portion of the price remaining unpaid, Gally, on the sixteenth of December, 1876, obtained an order of seizure and sale, and the proper notices were served on Dowling, the curator.

The sheriff advertised the property for sale on the seventeenth of February, and on the sixteenth of February Jules A. Blanc, claiming to be a mortgage creditor, filed a petition of intervention and third opposition, in which he alleged that there was not more than five hundred dollars due Gally on his mortgage; and he procured an order directing the sheriff to retain in his hands, subject to the further order of the court, the proceeds of the sale about to be made, except the costs, taxes, and five hundred dollars, with ten per cent attorney's fees, to be paid to Gally.

Michael Dowling, by his attorney, protested against the sale on several grounds, which it is not necessary to notice, and the sheriff proceeded with the sale; and the property was adjudicated to Edward Thorn for $10,500 cash, which he paid to the sheriff. After paying costs, taxes, and charges, and five hundred dollars to Gally, there remained in the hands of the sheriff $9558 32, which he retained under the order of the court at the instance of Blanc.

On the fourth of June Gally excepted to the intervention and third opposition of Blanc, on the grounds:

First—That all the creditors of Villiers by mortgage and privilege were not parties to the proceeding.

Second—That opponent has no cause of action, because if Gally's debt were paid in full the balance of the proceeds would not be paid to opponent, but would be given to the curator of the succession of Villiers, to be distributed according to law.

Third—That the court is without jurisdiction to distribute funds belonging to a succession. Such distribution could be made only by the probate court.

These exceptions were maintained, "the law and the evidence being in favor of Gally," and specially for want of jurisdiction in the district court to distribute funds belonging to a succession; and the sheriff was ordered to pay to Gally, the seizing creditor, the entire proceeds of sale of the mortgaged property. This judgment was rendered and signed on the fifth of June; and it has been in no manner attacked, by appeal -or otherwise.

Gally vs. Dowling.

On the eighth of June, Michael Dowling took a rule on Gally, Blanc, and the sheriff, to show cause why the funds arising from the sale should not be paid to him, as the legal representative of the succession of Villiers, to be accounted for in due course of administration, on the ground that he had qualified and given bond as curator, and was accountable for, and therefore legally entitled to, the possession of the property and assets of the succession.

Blanc answered that he had no objection to the rule, which he considered a very proper proceeding; the sheriff answered that he was a mere stockholder, without interest; and Gally excepted on the grounds:

First—That this is not a proceeding in which a rule to show cause is allowable.

Second—That no cause of action is shown, because neither the validity of the debt nor the legality of the proceeding under which the property was sold is attacked or called in question; and by law the proceeds of the sale are given to the seizing creditor.

Third—That no intervention is allowable in a matter which has already been finally adjudicated, there being no pending litigation.

Fourth—That the rights of the mover have already been passed upon by the court in the suit No. 1510 of the docket, in which the issue was identically the same, and that his only remedy is by appeal.

The exceptions were maintained, and the rule was dismissed; and, after an ineffectual motion for a new trial, which was dismissed on the eighteenth of June, the curator appealed.

It is too well settled now to admit of doubt or question, that the mortgagee has the right to proceed *via executiva* notwithstanding the death of the mortgagor, and that his succession is in course of administration. In Boguille vs. Faille, 1 An. 204, the mortgagee, after the death of the mortgagor, obtained an order of seizure and sale, and was about to sell the mortgaged property, when he was enjoined by the administrator, on the ground that the succession of the mortgagor being under administration, the property composing it could be disposed of only under the authority of the probate court. This court decided that the mortgagee had the right to proceed *via executiva;* and this decision was recognized and followed in Dupuy vs. Bemiss, 2 An. 513; McCalop vs. Fluker, 12 An. 551; and Succession of Wilson, 12 An. 591.

It is not alleged in the rule that there are any debts or claims against the succession which prime the vendor's mortgage under which the property was sold. There is no allegation that the debt as claimed by the mortgagee was not really due and owing; and the amount claimed by him exceeds the proceeds of the sale. The curator claims the proceeds in the hands of the sheriff simply because of his legal relation to the succession, as its representative head, which, as he alleges, entitles

him to the custody and administration of all the property and effects of the succession. This is not true of the proceeds of mortgaged property sold *via executiva,* at the instance of the mortgage creditor. If the sale was valid, the mortgagee, the seizing creditor, would be entitled to the proceeds; if the sale was void, the price would be returned to the adjudicatee. In neither case would the money belong to the succession: the curator would not be responsible for it; nor would it fall under his control or administration.

It is not necessary to consider the other questions raised by the exceptions. There is no allegation in the rule which entitles the curator to any part of the proceeds of sale in this case; and the settled jurisprudence of this court demonstrates that his claim is without legal warrant or foundation.

The district judge did not err in dismissing the rule; and the judgment appealed from is therefore affirmed with costs.