GRISWOLD and others *v.* CENTRAL VERMONT R. Co. and others.

*(Circuit Court, D. Vermont.* October Term, 1881.)

1. STATE AND FEDERAL COURTS—CONFLICT OF JURISDICTION.

The fact that the property is being administered upon in proceedings taken in a state court, and that the plaintiff might apply to that court for relief, is no bar to the institution of proceedings in the circuit court of the United States.

In Equity.

*Prout & Walker,* for orators.

*Benjamin F. Fifield, Geo. F. Edmunds,* and *Daniei Roberts,* for defendants.

WHEELER, D. J. The orators are citizens of New York, and executors in that state of George Griswold, late a citizen of that state, and bring this bill to enforce liens upon rolling stock and earnings of rolling stock of the Vermont Central and Vermont & Canada Railroads, pledged by some of the defendants while in possession of those roads and the Central Vermont Railroad Company, their successor in possession, by consent of parties and order of the court of chancery of the state of Vermont thereupon, for the security of several series of equipment loans in which the orators, as executors, invested.

Some of the defendants have demurred, assigning for cause that owners of the different series of bonds have no common interest in the securities; that the bonds are not referred to as a part of the bill, nor made a part of, nor attached to, the bill; that the doings of the managers in possession prior to the possession of the Central Vermont Railroad Company cannot properly be joined with the doings of that company; and that on the face of the bill it appears that this court has not jurisdiction.

The Central Vermont Railroad Company has pleaded the proceedings of the state court of chancery in bar to the jurisdiction of this

court, from which it appears that some of these defendants, with other persons, were made receivers of these roads in a cause pending between the Vermont & Canada Railroad Company and its security-holders; that while so in possession an agreement was made between the parties and embodied in a decree of the court under which those in possession and their successors were continued in possession, and by one of the provisions of which the cause in which the proceedings had been taken was kept in court, with liberty to any party to apply to the court for further orders as they might be advised; that in the proceedings authorizing these loans, and as a part of the decrees under which they were issued, it was provided that in case the trustees should fail to pay the notes or interest, the holders might apply to that court for the realization of their securities, or for a summary order for the payment of the amount due out of any property in the hands of the trustees, and that a copy of this part of the decrees was printed upon and made part of the notes.

The cause has now been heard upon these causes of demurrer and this plea.

The causes of demurrer do not require any extended notice. The claims are asserted in favor of the same parties against the same parties to enforce a common trust. The Central Vermont Railroad Company succeeded to the duties of its predecessors in respect to the property, and still the predecessors were not discharged, therefore all are connected, and all are properly joined. If the bonds or notes are sufficiently set forth to show their terms and effect, that is enough without reciting them, further referring to them, or attaching copies of them; and it is not pretended but that they are so set forth. The question as to the jurisdiction of this court is involved and included in that made by the plea, except as to a question made whether the orators, being executors in the state of New York, can suo out of that state. This does not involve any question as to whether they so succeed to the right of their testator out of the state where they are executors, that they can represent him and recover upon his rights elsewhere. These rights never accrued to him at all. They accrued to the orators themselves, and accrued to them in the same capacity; and, for aught that appears, in the same place in which they are attempting to enforce the rights.

Letters of executorship or administration extend only to the goods or estate which were of the testator or intestate at the time of decease, and would not include these securities, if taken out in Vermont, as against the rights of the orators.

As to the other question of jurisdiction, as the parties are citizens of different states the amount in dispute is large enough, and this court has and is bound to take jurisdiction when a proper case is brought, unless there is something in the nature of the case or situation of the property that excludes the jurisdiction. It is argued for the defendants that those contracting the debts were still the receivers of the court; that they contracted the debts as such; that all the property from which the debts were to be paid was in their possession as receivers; that no other court could reach the property to afford relief for non-payment; and that the provision for relief in the order authorizing the loans, and made a part of the notes, excludes all other remedies. The jurisdiction of courts is given by the law and not by the parties, and can neither be conferred nor taken away by their mere consent or agreement. If the conditions prescribed by the law for jurisdiction exist, the jurisdiction exists. The conditions prescribed for giving this court jurisdiction of the parties exist, and jurisdiction of the case must follow unless the subject is out of reach. Neither by the terms of the securities as set forth in the bill, nor as shown in the plea, nor by the conditions of the proceedings, was anything to be done by the court before the defendants could carry out their obligation to set apart the earnings of the rolling stock as agreed and apply them to the satisfaction of these notes. They were at liberty to do it, and, so far as appears, were bound to do it. If there was a failure, the holders of the notes would have a right to apply to the courts of the land for relief, and they would not be deprived of the right to apply to any one court because they had the right to apply to another. Those which were provided were provided for the purpose of giving the right to apply to them. There is nothing to prevent applying to this court, unless it may be that, as is argued, the property is in the course of administration of the state court. It is, however, well settled that the fact that property is being administered upon in state proceedings does not prevent citizens of other states from proceeding in the circuit courts of the United States to establish their claims and obtain relief if entitled to it, *Suydam* v. *Broadnax*, 14 Pet. 67; *Erwin* v. *Lowry*, 7 How. 172. In *Shelby* v. *Bacon*, 10 How. 56, the assets of an insolvent corporation were being administered, under the laws of Pennsylvania, by assignees accountable to the state court of common pleas. The assignees refused to allow the claim of the plaintiff, and he brought suit in the United States circuit court, to which the assignees pleaded the pendency of the state proceedings. After noticing some defects in the

plea, Mr. Justice McLean, in delivering the opinion of the court, said:

"But if the plea had been perfect in this respect it would not follow that the complainant could not invoke the jurisdiction of the circuit court. He, being a non-resident, has his option to bring his suit in that court, unless he has submitted, or is made a party in some form, to the special jurisdiction of the court of common pleas. It appears from the bill that the assignees have refused to allow the claim of the plaintiff, or any part of it. To establish this claim as against the assignees the complainant has a right to sue in the circuit court, which was established chiefly for the benefit of non-residents. Not that the claim should thus be established by any novel principle of law or equity, but that his rights might be investigated free from any supposed local prejudice or unconstitutional legislation. On the most liberal construction favorable to the exercise of the special jurisdiction, the rights of the plaintiff in this respect could not, against his consent, be drawn into it."

In *Mallett* v. *Dexter*, 1 Curt. 178, sometimes relied upon to avoid the jurisdiction of the circuit court, jurisdiction was entertained in favor of a non-resident to reopen accounts of administrators, settled in the probate court of Rhode Island, on the ground of fraud, although it was refused as to accounts then actually in process of settlement in the state court. *Union Bank* v. *Jolly,* 18 How. 503; *Hyde* v. *Stone,* 20 How. 170; *Payne* v. *Hook,* 7 Wall. 425.

According to the allegations of the bill, a particular fund was to be set apart for the payment of the orators' notes, which was not set apart, or if set apart has not been applied to that purpose. The orators have the right to apply to the federal courts, on account of their citizenship, to have their claims investigated. The merits of their claims are not yet before the court, and cannot be until answer and proofs are made. The only question now is whether the case shall proceed to answer and proofs. Nothing is seen adequate to deprive the orators of their right to resort to the federal courts, in common with all citizens, no one state having or claiming to have cause of action against citizens of another state to have their causes tried.

The demurrer and plea are overruled; defendants to answer over by the first day of next term.