[No. 446. Decided August 12, 1892.]

SARAH A. LAWRENCE, *Appellant,* v. THE BELLINGHAM
BAY AND BRITISH COLUMBIA RAILROAD COMPANY,
CLARENCE W. CARTER, P. D. McKELLAR AND ANNIE E.
LLEWELLYN, *Respondents.*

DECEDENTS' ESTATES—COMMUNITY PROPERTY—ACTION PENDING ADMIN-
ISTRATION.

Under the statute requiring the property of the community to be
administered with the estate of that member of the community who
is first deceased, the widow of a decedent cannot maintain an action
for her half interest in a community contract until after a decree of
distribution in the probate proceedings is had.

*Appeal from Superior Court, Whatcom County.*

*Harris, Black & Leaming,* for appellant.

*Dorr & Finch, H. A. Fairchild,* and *J. P. De Mattos,* for
respondents.

The opinion of the court was delivered by

HOYT, J.—The allegations of the complaint filed in this
action show that the title under which plaintiff claims, in
part, at least, is that of heir of her husband.   In the case
of *Balch v. Smith, ante.* p. 497 (decided by this court on
July 6 last), we held that the usual method by which an
heir was vested with such a perfect title to property, real
or personal, of his ancestor, as would enable him to main-
tain an action therefor, was, by a decree of distribution of
the probate court, pending, or at the close of, administra-
tion upon the estate of the ancestor.   The rule therein an-
nounced is decisive of this case, for, while it is true that,
in the case above cited, the court expressed an opinion that
there might be exceptions to said rule, which, if pleaded
and proved, would authorize the heir to maintain an action
without administration, yet the allegations of this com-

plaint do not in any manner bring the case within any of such exceptions. As to the half of the estate which she claimed directly as the heir of her husband, there can be no doubt that the decision in the case above cited is conclusive. It might be argued, however, that as to the half of which she had been the owner all the time as a member of the community, such rule did not apply. Under our statute, the property of the community is administered with the estate of that member of the community who is first deceased, and, this being so, we think the rule above referred to as to the necessity of administration, applies as strongly to her own half of the estate as to the half claimed as heir of her deceased husband. Beside, we doubt whether one of the tenants in common can maintain an action for the specific performance of a contract for the conveyance of an entire estate without making all interested in the contract parties to the action. The authorities cited by the appellant to show that one tenant in common may alone maintain an action in relation to his interest, do not apply to a case of this kind. Hence, even although the plaintiff might be possessed of such a title to one-half of the estate as would authorize her to maintain an action, yet, as she was not so invested with title to the other half, her action could not be maintained. For these reasons, the holding of the court below that the complaint did not state facts sufficient to constitute a cause of action, was correct, and it is unnecessary for us to decide the other questions discussed in the briefs.      .

Judgment affirmed.

ANDERS, C. J., and STILES, J., concur.

DUNBAR and SCOTT, JJ., concur in the result.