[No. 879.   Decided April 29, 1893.]

*In the Matter of the Estate of Ellen K. Hill, Deceased:*

STEWART E. SMITH, *Administrator, Respondent,* v. ELISHA
P. FERRY *et al., Executors, Appellants.*

EXECUTORS AND ADMINISTRATORS — ADMINISTRATION BY HUS-
BAND'S EXECUTORS UPON COMMUNITY PROPERTY — WHEN AD-
MINISTRATOR OF WIFE'S ESTATE ESTOPPED.

Where a husband acts as executor of a deceased wife's will, but,
at the time of his death, has not completed administration upon her
estate, and the executors of his own will take possession and ad-

minister upon all the property the husband held, including the separate and community estate of the deceased wife, such administration by his executors is merely irregular and not void, nor do the ordinary rules relating to the liability of executors *de son tort* apply thereto.

In such a case, although it is proper that the community estate should be administered upon by the legal representative of the wife, she having died first, yet where an administrator with the will annexed has been appointed for the wife's estate subsequent to the death of the husband, who was acting as executor thereof, and such administrator does not proceed with diligence to obtain possession of the community property, but sits by for a year and a half and sees the same administered in the settlement of the estate of the husband, such administrator is estopped from setting up any claim of right to administer the community estate.

*Appeal from Superior Court, King County.*

*Hughes, Hastings & Stedman,* for appellants.

*Isaac M. Hall,* for respondent.

The opinion of the court was delivered by

Scott, J.—The respondent filed his petition in the probate department of the court below, praying that the appellants, as executors of the last will and testament of George D. Hill, deceased, be ordered to render an account of the community estate of Ellen K. and George D. Hill, both deceased, and to surrender up and deliver the same over unto the said petitioner to be administered by him as the administrator *de bonis non cum testamento annexo* of the last will and testament of Ellen K. Hill. To this petition the appellants demurred, and the demurrer being overruled and an order being entered in favor of said petitioner as prayed, appellants elected to stand thereon and have perfected their appeal from said order to this court.

The facts as shown by the petition and confessed by the demurrer are briefly stated as follows: On the 14th day of February, 1887, Ellen K. Hill died testate at the city of Seattle, where she had for many years resided with her

husband George D. Hill, and whom she appointed executor
in her will.   On the 2d of November, 1887, upon the peti-
tion of her husband, said will was duly admitted to probate
and recorded as the last will and testament of said deceased,
and certificates of such probate and record were granted
and recorded as required by law.   George D. Hill qualified
as such executor, and letters testamentary were issued to
him out of said court on the 12th day of November, 1887,
and he thereupon entered upon the discharge of his trust
as such executor, and so continued until the date of his
death, to wit, on December 4, 1890.   In the meantime the
said George D. Hill had proceeded with the administration
of the said estate, and had partially administered and set-
tled the same, and had partially administered the commu-
nity property which belonged to the estate of said decedent
and her said husband George D. Hill.   No steps were taken
to give notice to the creditors of the said community, or to
bind them in anywise by the proceedings had in the admin-
istration of the estate of said Ellen K. Hill.   Upon the
death of George D. Hill, his trust as executor of the last
will and testament of Ellen K. Hill was left incomplete and
unfinished.   He left a will nominating the appellants as his
executors, and the said will was afterwards, in the month
of December, 1890, duly admitted to probate in the then
probate court of King county, and letters testamentary
were duly and regularly issued to these appellants, who,
having regularly qualified, entered upon their trust as such
executors, and have ever since been, and still are, the duly
qualified and acting executors of the last will and testament
of the said George D. Hill, deceased, and their letters have
never been revoked.   Said executors thereupon entered
into the possession of all the property in the hands of their
intestate at the time of his decease, which embraced a large
amount of community property of the said Ellen K. and
George D. Hill, and the separate property of Ellen K. Hill

not disposed of by George D. Hill in the progress of the administration of her estate. They thereupon, and more than a year prior to the filing of the petition of respondent in the court below, published notice to creditors; and the creditors of the estate of the said George D. Hill, and of the community estate of the said George D. and Ellen K. Hill, have filed claims against said estates with said executors, amounting to nearly one hundred thousand dollars, the greater portion of which are asserted by said claimants to be community debts and binding upon the community estate. Afterwards, on June 30, 1891, letters of administration *de bonis non* of the estate of the said Ellen K. Hill, with the will annexed, were granted by the superior court of King county, and duly and regularly issued to the petitioner Stewart E. Smith, who ever since has been and still is the duly appointed and qualified administrator *de bonis non*, with the will annexed, of said estate. The appellants, as executors of the said last will and testament of George D. Hill, hold the possession of the separate estate and the community estate of George D. and Ellen K. Hill, deceased, and are proceeding to administer said community estate, and have already disposed of a large portion thereof in the regular course of administration, claiming the right so to do under provisions of the will and the direction of the superior court of said county sitting in probate. Her separate property had been delivered to the petitioner before the institution of this proceeding. On the 16th of December, 1892, the petitioner served upon appellants a demand in writing requiring them to surrender up and deliver over to said petitioner all the property and assets whatsoever belonging or pertaining to the said community estate, but appellants refused to comply with the said demand and still refuse so to do.

In *Ryan v. Fergusson*, 3 Wash. 356 (28 Pac. Rep. 910), we held that upon the death of either husband or wife,

where an administration was had of the community property, that the same should be of the whole thereof, and not merely of the half interest of the decedent, and that the whole community estate is subject to administration upon the death of either of the parties.

Where the separate property of the deceased, and the community property of the deceased and the surviving spouse, is administered, the same should be kept separate, for the separate debts of the deceased would be primarily a charge upon the separate property, and the community debts would be primarily a charge upon the community property. In case there should not be enough of the separate property to pay the separate debts, the deficiency could be made good out of the decedent's interest in the community property, should there be anything remaining after the payment of the community debts, and the same would be true with regard to a deficiency of the community property, as after the separate debts had been paid the remainder of the separate property would be liable for the community debts so remaining unpaid. However, where administration has been had of the separate property of the deceased, and the whole of the community property, or even only of the half interest of the community property belonging to the deceased, and the same has not been kept separate, but the property has been commingled indiscriminately, and the separate debts of the deceased and the community debts have not been classified or kept separate, but have been dealt with in common as standing upon an equal footing against all of the property, regardless as to whether it was the separate property of the deceased or the community property, or a part of it, and the same has been allowed to go through unquestioned by the creditors, or any of them, or any of the parties interested, such administration at most would only be irregular, and not void.

We are also of the opinion that administration may be

had of the separate property only of the deceased member, if no more is required by the creditors, or by the parties interested. As to how far creditors of the community would be estopped where the community property is administered upon the death of the wife, for instance, or where only one-half of the community property has been so administered, from thereafter presenting their claims against the estate of the husband after his decease, there may be some question, and the solution of it may depend upon the notice given where the claims were not presented during the first administration. If they were presented, the parties would be bound by a participation and acquiescence in the administration. But a claim for a balance unpaid owing to a deficiency could probably be preserved. Regularly where upon the death of either husband or wife administration is had of the separate property of the deceased, and of the community property, a notice should be given to the separate creditors of the deceased, and also to the creditors of the community, to produce their claims, etc. In case the debts against the community were contracted by the deceased, a notice to his creditors would be sufficient to include such creditors of the community. But this would not be true if such community debts were contracted by the surviving member, at least in the absence of actual notice. For instance, if the community debts had been contracted by the husband, as is usually the case, upon the death of the wife a notice to her creditors would not be notice to the creditors of the community, but upon the death of the husband a notice to his creditors would include the creditors of the community, for they could fairly be said to have had notice, the community debts having been contracted by the husband; and the rule would hold good of course if the parties were changed in cases where the community debts were contracted by the wife.

In this case, upon the death of the wife, her separate

property was, of course, subject to the probate court for the purposes of settlement and distribution; and the same was true with regard to the whole of the community property of the deceased and her husband George D. Hill.

We are of the opinion, however, that a husband or wife cannot appoint an executor to take charge of the community estate to the exclusion of the surviving spouse, but the survivor would be the only one who could question the same. Such an appointment would be good as against all others. Although in the administration of such estates a separate account should be kept of the community property and of the separate property of the decedent, yet, as a matter of convenience and economy as well, the whole should be in the hands of the same person for the purposes of administration. But this need not be so necessarily as a matter of law, and could not be, at least ordinarily, where the appointment of the executor named by the decedent is not consented to by the surviving husband or wife, or where the survivor does not waive his or her rights in the premises. Where the person named as executor in the will cannot, for the reasons stated, be appointed to take charge of the community estate, an administrator thereof should be appointed, to which appointment the surviving spouse, or the person he or she might nominate, would have preference. Sec. 900, Code Proc. Such administrator would be entitled to the whole of the community estate for the purposes of administration. But the administration of such separate estate of the deceased and of the community property would be one proceeding in the sense that it would only be necessary for creditors to present their claims once.

The deceased died testate, but she appointed her husband executor, and he entered upon the administration of her separate estate, and the whole of the community estate. Upon his death the orderly procedure would have been to

have had a settlement with his representatives, under § 941, Code Proc. Whereupon the separate estate of Ellen K. Hill and the whole of the community estate of said deceased parties should have been turned over to her representatives, as, she having died first, her representatives were entitled to administer the community property. *Lawrence v. Bellingham Bay, etc., R. R. Co.*, 4 Wash. 664 (30 Pac. Rep. 1099.)

In this case the creditors, at least all of the community creditors, would be barred by reason of the notice published, and their failure to object, from raising any question against administering the community property in the settlement of the estate of George D. Hill. Whether the creditors of her separate estate could raise any question thereover, in case her separate property was not sufficient to satisfy their claims, is more difficult to determine, but it is sufficient to say that none of the creditors in this instance are complaining, and the claim of the petitioner rests upon his sole personal right to administer the community property. It seems as though it would be incumbent on her separate creditors to move with diligence after receiving notice, to have the community property administered in the settlement of her estate unless they were satisfied to take the risk of having their claims paid in full out of her separate property, and did not desire to preserve any right against the community estate for any deficiency that might result.

It appears that the representatives of George D. Hill entered upon the administration of his estate in the month of December, 1890, and continued the administration of the community property. No one objected to this, but said proceedings were allowed to go unquestioned for some two years, and until the month of December, 1892, when the petitioner instituted this proceeding to recover possession of the community estate. It does not appear that

any creditor of the deceased has asked to have the possession of this property turned over, or to have the same administered in the estate of Ellen K. Hill, nor does it appear that any of the heirs or devisees ever made such a request, nor any of the parties interested excepting the petitioner, and we are of the opinion that, whatever personal right he may have had to administer the community estate he has lost by reason of his laches in the premises. It was incumbent on him to have proceeded with diligence to obtain possession of this property; not to sit by and see the same administered in the settlement of the estate of George D. Hill without objection. He was appointed in June, 1891, and for a year and a half slept upon whatever rights he had in the premises.

We are also of the opinion in any event in a case like this the ordinary rules relating to the liability of executors *de son tort* would not apply, even in the absence of a statute upon the subject, although we have one which would have some bearing thereon, § 708, Code Proc. And that such an administration of community property could amount to nothing more than an irregularity, of which advantage must be seasonably taken during the pendency of the proceeding, if at all, and otherwise that the same would be valid as far as the question of the right of the representative of either spouse to administer the same is involved. The liabilities of the estate in either event would, of course, be the same as to claims presented.

It appears in this case that in the administration of the estate of George D. Hill a notice was duly published to creditors; and his creditors, including all the creditors of the community as far as known, have presented their claims, and the time for presenting claims in the settlement of said estate has expired. It would be a hardship upon these creditors who have presented their demands

against the community estate under such circumstances, if the proceedings are to be interrupted and suspended, and the property transferred to another estate for settlement where all of said claims must be again presented, and the proceedings again largely gone through with from the beginning by another officer of the same court.

It seems that George D. Hill published no notice to creditors in administering his wife's estate. The petitioner has done so, however, and the time for presenting claims therein has not yet expired.

No complaint is made that his estate has been mismanaged in its settlement. In fact it is admitted that the executors of George D. Hill's estate are thoroughly skillful and competent, and that they have been and are well and faithfully discharging the trust. We are of the opinion that the petitioner is estopped from setting up any claim of right to administer the community property in question, and the decision of the superior court is reversed, and the cause remanded for further proceedings. There may be some question as to whether the point upon which this case is determined — the question of estoppel — is raised by the appellants in their brief. The facts, however, are stated, although the question of estoppel itself is not therein argued. In some instances the court may take notice of a point not argued, for the purpose of arriving at a just decision upon the merits, although a different rule might be invoked to avoid a harsh decision. This seems to be within the spirit of § 1448, Code Proc., and is one of the purposes which this statute may well serve.

HOYT and ANDERS, JJ., concur.

STILES, J. — I concur in the result reached in the foregoing opinion, but I think many matters have been argued and decided which are not in this case. The rights of

heirs and creditors are not in any way involved in the question which of these two persons shall administer said estate.

DUNBAR, C. J., dissents.