### GERMAN SAV. & LOAN SOC. v. CANNON et al.

(Circuit Court, D. Washington, E. D. January 28, 1895.)

1. MORTGAGE—DEATH OF MORTGAGOR—RIGHTS OF EXECUTOR AND MORTGAGEE.
   The rights of a mortgagee, under a mortgage making special provisions for foreclosure and a receiver, are not affected by death of the mortgagor, but may be enforced against the executor.

2. COMMUNITY PROPERTY—DEATH OF WIFE—ADMINISTRATION.
   As property mortgaged by husband and wife will, in the absence of any claim that it was the separate property of either, be presumed to have been their community property, and as, under the decisions of Washington, on the death of a married woman administration of her separate property is distinct from that of the community property of deceased and her husband, it will not be presumed that her administrator has acquired lawful authority over the property thus mortgaged and presumed to be their community property, or that a court through its proceedings in admitting her will to probate, and in administering her estate, has drawn such property into its custody.

In Equity. Suit by the German Savings & Loan Society, a corporation, to foreclose a real-estate mortgage. Heard on application for the appointment of a receiver. Application granted.

Cyrus Happy, for complainant.
George Turner, for defendants.

HANFORD, District Judge. The complainant shows, as ground for the appointment of a receiver, that in May, 1892, it loaned to the defendant A. M. Cannon, and his wife. Jennie F. Cannon, $80,000, and they gave, as security therefor, their promissory note and a mortgage upon real estate situated in the city of Spokane, whereby they promised to repay the amount of said loan, and to pay interest thereon at the rate of 7 per cent. per annum, quarterly, and to pay all taxes on the mortgaged property, and to keep the improvements insured for the benefit of complainant for at least $40,000, and agreed that, in case of default in the payment of any quarterly installment of interest, the whole debt should become due if the mortgagee should elect to have it so, and that, in case of a foreclosure suit being commenced, the court should appoint a receiver, to take immediate possession, collect the income from said property, and apply the same in payment, pro tanto, of said debt; that complainant has been compelled to pay off a prior incumbrance upon the property amounting to $886.46; that taxes on said property amounting to $1,980.30 have become delinquent, and the same, with accrued interest, remains unpaid; that complainant has been compelled to pay the insurance premiums, and has not received the interest on

said loan which has accrued since May 27, 1893; that the defendant A. M. Cannon is insolvent, Jennie F. Cannon is dead, and the mortgage is but scant security for said loan. It is also averred in the bill of complaint that the last will and testament of said Jennie F. Cannon has been duly admitted to probate in the superior court for Spokane county; that letters testamentary thereon have been duly issued by said court to the persons named therein as executors, and by virtue thereof the defendant H. E. Houghton, as one of said executors, is now, under the direction and control of said court, administering the estate of said decedent, and he is an occupant of one of the buildings situated upon the said mortgaged premises.

The present application is opposed by the defendant Houghton, on the assumed ground that it sufficiently appears that the mortgaged property is part of the assets of the estate which he is administering, and therefore in the custody of the superior court of Spokane county, and this court cannot disturb the possession of the executor without an infraction of the rule of comity established by the decisions and practice of the federal courts, in obedience to which they refuse to interfere with property in the custody of a state court. The grounds for this contention do not appear affirmatively from the showing made by the complainant, and there is no answer or affidavit on file controverting the bill of complaint, or alleging additional facts. As it is not claimed by either party that the mortgaged property was the separate property of the defendant Cannon, or his deceased wife, it must be presumed to have been their community property, and under the laws of this state, as declared by its supreme court, when Mrs. Cannon died, the community property became subject to administration. But the supreme court of the state has also expressed the opinion that upon the death of a married person administration of the separate estate of the deceased should be distinct from administration of the community estate of the deceased and the surviving spouse. In re Hill's Estate, 6 Wash. 289, 33 Pac. 585. I hold therefore that, in the absence of any averment or testimony to that effect, no presumption can be indulged that the defendant Houghton, as executor of Mrs. Cannon's will, has acquired lawful authority, or assumed the right to take into his possession the community property, nor that the superior court has, through its proceedings in admitting said will to probate, and the administration of the estate of said deceased, drawn this mortgaged property into its custody. If the facts upon which the defendant's argument is founded were made to appear affirmatively by the record, I should nevertheless hold that the complainant is, by virtue of the lien created by the contract made in the lifetime of the deceased, entitled to have the income of the mortgaged property applied specifically to the payment of taxes, and for the preservation of the security, instead of being diverted as it has been since Mrs. Cannon's death; and, to enforce that right, this court is bound to appoint a receiver, as stipulated in the mortgage.

The decision of the supreme court in the case of Byers v. McAuley, 149 U. S. 608, 13 Sup. Ct. 906, in so far as it denies the authority of a circuit court of the United States to interfere with property in the

hands of an administrator, follows previous decisions of that court holding that a judgment which does not establish a prior lien or right to satisfaction out of the assets of an insolvent estate in preference to other creditors does not entitle the judgment creditor to take in execution property of the deceased. In view of the final determination of the supreme court in that case, and the facts which were passed upon, I cannot understand from the decision that the supreme court intended to overrule Erwin v. Lowry, 7 How. 172. That was an action by a curator to recover possession of land and slaves, in the state of Louisiana, from a purchaser thereof at a foreclosure sale under a judgment and writ of seizure and sale issued from the circuit court of the United States for the Eastern district of Louisiana against the testamentary executor of a deceased mortgagor, the property being at the time in the course of administration in the probate court. The position then taken by the supreme court is stated in the opinion as follows:

"That no jurisdiction existed in the United States circuit court was held in the case before us, and so it had been held by the supreme court of Louisiana in previous cases. But in 1847 that court reviewed its previous decisions in the case of Dupuy v. Bemiss, 2 La. Ann. 509. In the opinion there given, the jurisdiction of the federal court held in Louisiana is so accurately and cogently set forth, and the relative powers and duties of the state and federal judiciaries are so justly appreciated as to relieve us from all further anxiety and embarrassment on the delicate question of conflict arising in the case of Collier v. Stanbrough [6 How. 14], and again in this cause. It was held in the case of Dupuy v. Bemiss that where a lien existed on property by a special mortgage before the debtor's death, and the property passed by death and succession, with the lien attached, into the hands of a curator, and was in the course of administration in the probate court, the circuit court of the United States had jurisdiction, notwithstanding, to proceed against the property, and to enforce the creditor's lien, and to decree a sale of the property, and that such sale was valid. We accord to this adjudication our decided approbation; but take occasion to say that, had we unfortunately been compelled to decide the question without this aid, our judgment would have been that the decision of the supreme court of Louisiana in the cause under consideration was erroneous."

The lien created by a special mortgage seems to have been considered by the supreme court paramount to the executor's right of possession. And the jurisdiction of the circuit court to give effect to the lien, by a proceeding in rem, to the full extent of dispossessing the executor, is firmly asserted. The several excerpts from decisions of the supreme court quoted by Mr. Justice Brewer in Byers v. McAuley indicate that want of a prior lien was considered by the supreme court a substantial part of the reason given for denying the right to levy an execution on property in gremio legis, and the court must have intended to distinguish the case from Erwin v. Lowry by the difference in the facts rather than to make a conflicting decision; for Mr. Justice Brewer cites Peale v. Phipps, 14 How. 368, in which Chief Justice Taney makes the following comment:

"In the case of Erwin v. Lowry, 7 How. 172, 181, referred to in the argument of the counsel for the defendants in error, the proceedings in the court of the United States were merely to enforce a lien created by the testator in his lifetime, and consequently could not interfere with the duties of the curator, or the authority of the state court, under which he was acting, and to which he was bound to account."

From Erwin v. Lowry, considering the decision itself, the references which have been made to it in the later decisions of the court, and the reasons and general principles upon which it rests, I think that a special rule is fairly deducible as follows:   A lien upon specific property entitling the lienholder to a special remedy is not impaired by the death of the owner, and such special remedy may be applied in proceedings against his executor or administrator. This rule requires the court to enforce the complainant's rights as mortgagee by subjecting the mortgaged property, and the rents and income therefrom during the pendency of this suit, to the uses stipulated in the mortgage.'   The application for the appointment of a receiver will be granted.