METROPOLITAN TRUST CO. v. LAKE CITIES ELECTRIC RY. CO. et al.

(Circuit Court, D. Indiana.   April 16, 1900.)

No. 9,685.

1. FEDERAL AND STATE COURTS—PRIORITY OF JURISDICTION—EFFECT OF APPOINTMENT OF RECEIVER.

The pendency in a state court of a suit by a creditor against a corporation, in which a receiver for the property of defendant has been appointed, does not deprive a federal court of jurisdiction to entertain a suit for the foreclosure of a mortgage on such property by a mortgagee who is not a party to the suit in the state court, although no action will be taken in such suit which will interfere with the possession of the state court, and a decree for the sale of the property under the mortgage, if entered, will not be executed, so long as such possession continues.[1]

2. CORPORATIONS—LIEN OF RECEIVER'S CERTIFICATES—JURISDICTION TO DETERMINE PRIORITIES.

It is not within the power of a court which has appointed a receiver for a corporation, and authorized him to issue certificates of indebtedness, to make such certificates liens upon the property of the corporation superior to the liens of other creditors who are not parties to the suit, nor has such court exclusive jurisdiction to determine the question of such priorities, but another court, in a suit by other creditors of the corporation, to which holders of such certificates are made parties, may determine the priority of lien as between the parties before it.

In Equity.   On demurrer to amended bill.

A. W. Hatch and Parsons, Shepherd & Ogden, for complainant.

Smith, Duncan, Hornbrook & Smith, James F. Gallaher, and C. R. & J. B. Collins, for defendant.

BAKER, District Judge.   On April 7, 1899, the Metropolitan Trust Company, a corporation organized and existing under the laws of the state of New York, and a citizen of that state, filed its bill of complaint against the Lake Cities Electric Railway Company, a corporation organized and existing under the laws of the state of Indiana, and a citizen of this state, for the foreclosure of a mortgage executed by the defendant to the complainant on its railroad property, rights, and franchises, to secure 600 bonds, of $500 each, 150 of which bonds are alleged to be outstanding in the hands of bona fide holders for value.   The bill is in the usual form, except as noted below, and states that the outstanding bonds and the interest thereon are due and unpaid.   The only unusual allegation in the bill is the following:

"Eleventh. The said the Lake Cities Electric Railway Company did, on or about the 2d day of February, 1898, suffer and allow a receiver to be appointed of its corporation by the Laporte circuit court of the state of Indiana, in a certain action entitled the John Davis Company against the Lake Cities Electric Railway Company, which action was brought by an alleged creditor, who alleged that the railway company was insolvent, and asked for the appointment of a receiver and the collection of its claim, and in which action Isadore I. Spiro was appointed and has acted as such receiver."

[1] As to jurisdiction, as affected by possession of the subject-matter, see note to Adams v. Trust Co., 15 C. C. A. 6.

Prayer for foreclosure, and that the lien of the mortgage be adjudged paramount, except as to claims for labor and materials furnished within six months prior to the appointment of a receiver; that the amount of prior liens, including taxes, be ascertained by the master; that a time be fixed within which the amount due complainant on its mortgage debt should be paid, and that, on failure to pay within the time limited, the equity of redemption of the defendant, and of all others claiming by, through, or under it, be forever barred and foreclosed; that the mortgaged premises and property be sold, and the proceeds applied to the payment of the costs, and of the mortgage debt and interest; and that pending the suit a receiver be appointed; also a prayer for general relief. On December 4, 1899, by leave of court, an amendment of the bill of complaint was filed, bringing in as new parties the Citizens' Bank of Michigan City, Fred Spiro, Mary S. Harrison, F. H. Root, and George Staiger. This amendment shows the requisite diversity of citizenship between the complainant and each of the defendants to give this court jurisdiction. The Citizens' Bank of Michigan City and Fred Spiro have severally demurred to the bill of complaint as amended. As the sole question before the court is presented by their demurrers, it will be sufficient to set out so much of the amendment as will disclose the ground of demurrer. It is alleged:

"The only parties to the action hereinabove referred to, wherein, as hereinabove averred, was suffered the appointment of a receiver by the defendant the Lake Cities Electric Railway Company, were the plaintiff therein, namely, the said the John Davis Company, and the defendant therein, the said the Lake Cities Electric Railway Company. Neither the complainant herein nor any of the holders of any of the said bonds was a party thereto, nor are the proceedings had in the said action, or any of them, or the orders therein made, or any of them, in any degree or in any respect binding upon the said complainant or any of the said bondholders. By certain orders made in the said action the court wherein the same was brought, to wit, the Laporte circuit court of the state of Indiana, undertook to confer upon the said receiver authority to borrow money for certain purposes in said orders more particularly specified, and to issue for the sums so borrowed his notes or certificates. The defendant the Citizens' Bank of Michigan City thereafter loaned, or claims to have thereafter loaned, to the said receiver certain sums of money, and to have received from the said receiver his certificates therefor."

It then proceeds to set out the dates and amounts of eight certificates so issued to said bank, amounting in all to $8,100. It is then alleged:

"The defendant Fred Spiro also loaned, or claims to have loaned, thereafter, to the said receiver, certain sums of money, and to have received from the said receiver his certificates therefor."

It then proceeds to set out the dates and amounts of five certificates issued to Fred Spiro, amounting in all to $1,165. It is then alleged:

"For the sums so claimed by the said bank and the said Fred Spiro to have been loaned by them as aforesaid, they, the said bank and the said Spiro, have, or claim to have, under and by virtue of the provisions of the said orders and certificates, some interest in, or lien upon, the property covered by the said mortgage, and they claim that their liens upon or interests in such property are prior to the lien of the said mortgage. Neither the said bank nor the said Spiro has any interest whatever in, or any lien whatever upon, the said prop-

erty, or any part thereof, which is prior to the lien of the said mortgage. Any interest whatever which the said bank may have in the said property, or any part thereof, and any lien whatever which it may have upon the said property, or any part thereof, whether under and by virtue of the provisions of the said orders and certificates or any of them, or otherwise, is subordinate and inferior to the lien of said mortgage. Any interest whatever which the said Spiro may have in the said property, or any part thereof, and any lien whatever which he may have upon the said property, or any part thereof, whether under and by virtue of the provisions of the said orders and certificates or any of them, or otherwise, is subordinate and inferior to the lien of the said mortgage."

The defendants severally demur, for the reason that the court has no jurisdiction of the matters set forth against them in the bill of complaint as amended.

Because the state court has taken possession of the street railroad, and has issued receiver's certificates, and made them a lien on its plant and property, it is contended that no other court can entertain jurisdiction of a suit to foreclose a mortgage on the railroad, and to marshal the relative rank of the various liens thereon. As the parties are citizens of different states, and as the amount and subject-matter of the controversy are within the general cognizance of the circuit courts of the United States, this court is bound to take jurisdiction of the suit, unless there is something in the nature of the case or the situation of the property which excludes it from its jurisdiction. In regard to the suit in the state court, there can be no doubt but that that court is one competent to entertain jurisdiction of all the matters set up in the present suit. As to those matters, and as to the parties, it is a court of concurrent and co-ordinate jurisdiction with this court, and as between that court and this the rule is applicable that the one which has first obtained jurisdiction of the case must retain it exclusively until it disposes of it by final judgment or decree. "But, when the pendency of such a suit is set up to defeat another, the case must be the same. There must be the same parties, or, at least, such as represent the same interests, there must be the same rights asserted, and the same relief prayed for. This relief must be founded on the same facts, and the title or essential basis of the relief sought must be the same. The identity in these particulars should be such that, if the pending cause had been disposed of, it could be pleaded in bar as a former adjudication of the same matter between the same parties." Watson v. Jones, 13 Wall. 679, 20 L. Ed. 666. In the present case neither the parties nor the rights asserted nor the relief prayed for are the same as in the case pending in the state court. This court concedes that it can decree no relief in the present suit which will in any wise disturb the possession of the property in the custody of the state court. It cannot appoint a receiver for that property, nor can it cause the same to be sold by its master. To do these things would tend to disturb the possession of the state court, and might lead to unseemly conflict. But because the court cannot grant all the relief prayed for does not justify it in refusing to grant such relief within its jurisdiction as the nature of the case requires for the protection of the rights of the complainant. The entry of a decree of foreclosure against the railway company, and an order for

the sale of its plant and property, will not, of themselves, disturb the possession of the state court. The text writers and the adjudicated cases generally agree upon this proposition. Short, Ry. Bonds, § 585; Gluck & B. Rec. (1891) § 30, p. 70; Jones, Corp. Bonds (1890) § 470; Mercantile Trust Co. v. Lamoille Val. R. Co., Fed. Cas. No. 9,432, 16 Blatchf. 324; Griswold v. Railroad Co. (C. C.) 9 Fed. 797; Young v. Railroad Co., Fed. Cas. No. 18,166; Holladay Case (C. C.) 27 Fed. 830.

It is strenuously insisted, however, that while a foreclosure of the mortgage and an order of sale may be decreed, still the court is without jurisdiction to determine the relative rank of the receiver's certificates and the complainant's mortgage. The parties before the state court were the John Davis Company and the Lake Cities Electrict Railway Company. That court was in possession of the railroad through its receiver. By virtue of such possession, the state court had jurisdiction to authorize its receiver to borrow money and to issue certificates therefor. As to the parties before it, that court could decree that such certificates should constitute a first and prior lien. But, as to mortgagees or creditors not before that court, it could not make any valid order adjudging the rank or priority of such certificates. That question was not before the state court, because it had no jurisdiction over such mortgagees or creditors, and its order or decree, if any, as to them, would be a nullity.

In Union Trust Co. v. Illinois M. Ry. Co., 117 U. S. 434, 460, 6 Sup. Ct. 809, 823, 29 L. Ed. 963, 972, speaking of receiver's certificates, the court said:

"The principles properly applicable to this branch of the case were well expressed by Mr. Justice Harlan in his opinion of February 29, 1884, as follows: 'Those who take receiver's certificates must be deemed to have taken them subject to the rights of parties who have prior liens upon the property, and who have not, but should have been, brought before the court. While the court, under some circumstances, and for some purposes, and in advance of the prior lienholders being made parties, may have jurisdiction to charge the property with the amount of the receiver's certificates issued by its authority, it cannot, without giving such parties their day in court, deprive them of their priority of lien. When such prior lienholders are brought before the court, they become entitled, upon the plainest principles of justice and equity, to contest the necessity, validity, effect, and amount of all such certificates as fully as if such questions were then for the first time presented for determination. If it appears that they ought not to have been made a charge upon the property superior to the lien created by the mortgages, then the contract rights of the prior lienholders must be protected. * * * Of these rules or principles the parties who inaugurated this litigation cannot justly complain. They were not ignorant of the fact that there were existing mortgages upon this property, and that fact should have been brought to the attention of the court at the very outset.' "

There were neither parties nor subject-matter before the state court which would have given it jurisdiction over the case now made by the amended bill. The principles which should govern in regard to the identity of the matter in issue in the two suits to make the proceedings in the state court abate or bar the present suit are fully discussed in the case of Buck v. Colbath, 3 Wall. 334, 18 L. Ed. 257. It was an action of trespass, brought in a state court against the marshal of the circuit court of the United States for seizing property

of the plaintiff under a writ of attachment from the circuit court, and it was brought while the suit in the federal court was still pending, and while the marshal held the property subject to its judgment. So far as the lis pendens and possession of the property in one court and a suit brought for the taking by its officer in another are concerned, the analogy to the present case is very strong. In that case the court said:

"It is not true that a court, having obtained jurisdiction of a subject-matter of suit and of parties before it, thereby excludes all other courts from the right to adjudicate upon other matters having a very close connection with those before the first court, and in some instances requiring the decision of the same question exactly. In examining into the exclusive character of the jurisdiction in such cases, we must have regard to the nature of the remedies, the character of the relief sought, and the identity of the parties in the different suits."

The questions sought to be litigated and determined in the present suit were not only never before the state court, but could never have been brought before it except by bringing in new parties, and by making a new case upon new pleadings. To maintain this suit for the purpose of settling the relative rank of the liens created by the mortgage and by the receiver's certificates cannot interfere either with the possession of the property or with any lawful order of the state court. The demurrers are overruled, and each defendant is ruled to answer within 20 days.