**In the Matter of the Joint Estate of the Deceased,**

**EMELINE SOPHIA BEHAGEN,**

**and Surviving Husband, INNIS BEHAGEN**

## District Court of Saint Croix

Christiansted Sub-Judicial District

## February 2, 1921

</div>

McKEAN, *Judge*

Full opportunity has been given petitioner for adducing any authority or legal reason for amending the decree of probate in this case. Briefly stated, petitioner's theory was that in cases of community property, testamentary writings might be admitted to probate without administration thereof being required.

One exceedingly great difficulty in this case was the petitioner's frequent reference to unidentified laws. Every intendment and presumption is in favor of the validity of a judgment. It follows from this, that the burden is on him who seeks a modification or reversal of a judgment.

13

■ Another difficulty in this case has been that the whole proceeding was ex parte which militated against a free and full argument and discussion of the legal principles involved.

Its experience in this case has been a contributing factor in impelling the Court to promulgate section b of Rule 7, reading as follows:

"All parties making ex parte applications must be prepared to furnish a full and succinct reference to the law relied upon."

Petitioner conceded that under the old law there was no vested right in any method of court procedure; he also conceded that the Court was correct in following out the method of procedure imposed upon it by legislation. Another admission made by petitioner was, that the codicil dated August 6th, 1920, incorporated the will dated the 11th day of January, 1916. He admitted that the preamble of said codicil referred to the new law previously enacted.

■ One of petitioner's greatest difficulties seems to have been confusing the terms "administration" and "distribution". He seems to think that they are synonymous, whereas they are almost antonyms. Roughly speaking, administration consists in taking steps towards getting an estate in such shape that the balance available for distribution may be ascertained. It must be distinctly understood that anything in this opinion is not to be taken as passing upon or settling any question of distribution. That question is not before us; and furthermore, parties with contingent interests therein, namely, children and possible creditors, have not put in any appearance in this case.

■ While the question does not arise at this phase of the proceeding, the Court will state that it is of the opinion that the old law regarding community property governs as to substantive rights. If an authority were

14

needed for this view it could be found in the case of Ochoa v. Hernandez y Morales, 230 U.S. 139, 33 S. Ct. 1033, 57 L. Ed. 1427.

■ At the outset of these proceedings the Court was correct in following the procedure laid down in Title III, chapter 72, of our local Code (1921; 15 V.I.C. §§ 231 et seq., 271 et seq.).

While not at all necessary to the determination of this case, it appears from the arguments of petitioner's representative that the will was copied from a form used in the State of Washington.

By an interesting coincidence it has been decided by the highest court in the State of Washington that community property is subject to administration: In re Hill's Estate, 6 Wash. 289; German Saving and Loan Society v. Cannon, 65 Fed. 542.

Petition dismissed.