# District Court of the Virgin Islands

## Christiansted Sub-Judicial District
## Saint Croix

## September 30, 1921

McKEAN, *Judge*

The petition for a writ of habeas corpus in this case seems to be based upon Title III, c. 54, s. 1, of the Code (1921; 5 V.I.C. § 1301).

The theory upon which the petitioners' counsel based his elaborate and very able argument is that his clients have been unlawfully "restrained" of their liberty. His view being that the mandate of the appellate court (see Soto v. United States, 1 V. I. 536) entitled the appellants to a speedy trial, which they have been denied.

█ While the case was argued without that part of the record which refers to the mandate, it may be stated that said mandate was received in the sub-judicial district of St. Thomas and St. Jan (where the original trial took place) after the beginning of July Term, 1921, which was the first term it was possible to hold under the new code. No jury having been drawn by the jury commission, it was impossible to award a trial by jury in said term. Hence no opportunity has, as yet, presented itself for a new trial to be conducted under a system superseding the old one which seemingly proved unsatisfactory to the appellate court. Under this state of facts no unreasonable delay is chargeable to the Government of this Colony.

Section 13 of the above-cited chapter on Habeas Corpus (5 V.I.C. § 1313) provides that if the party, in whose behalf the writ has been issued, is legally in custody, he must be remanded if the time during which he may be legally detained in custody has not expired, and if it appears that he is legally detained in custody by

virtue of process issued by a court or judge having jurisdiction, or —

> "By virtue of a warrant of final judgment or decree of any competent court of criminal jurisdiction, or of any process issued upon such warrant, judgment or decree."

■ ■ As held by this court in the case of Behagen's Estate, decided February 2nd, 1921 (1 V.I. 12), in Christiansted Sub-Judicial District, every intendment and presumption is in favor of the validity of a judgment. Hence the burden is upon petitioners when they seek to attack the validity of the judgment by virtue of which they are imprisoned.

There is nothing new in this position, for the famous "Habeas Corpus Act" of Charles II (31 Car. II, c. 2), expressly excepted from the privileges of the writ of habeas corpus persons "convicted or charged in execution by legal process." 3 Bl. Com. 136.

■ If it appears that the court rendering the judgment or issuing the process under which a prisoner is held, had jurisdiction of the subject-matter and of the person, many jurisdictions hold that the inquiry will not be carried further in habeas corpus proceedings. Williams Case, 26 Pa. St. 9, 67 Am. Dec. 374; Ex Parte Bushnell, 9 Ohio St. 77; Fleming v. Clark, 12 Allen (Mass.) 191; People ex rel. Tweed v. Liscomb, 60 N.Y. 559; Hight v. United States, Morris 407.

In the present case no question is raised as to the jurisdiction, as this is conceded by the terms of the mandate; for if there were no jurisdiction, it is hardly conceivable that the Third Circuit Court of Appeals would have awarded a new trial.

■ Furthermore, in Ex parte Frederich, 149 U.S. 70, 13 S. Ct. 793, 37 L. Ed. 653, it has been decided that habeas corpus should be limited to cases in which the judgment or sentence is clearly void by reason of its hav-

ing been rendered without jurisdiction, or by reason of the court's having exceeded its jurisdiction.

Mr. Justice Jackson, in delivering the opinion of the United States Supreme Court, said, inter alia, "While the writ of habeas corpus is one of the remedies for the enforcement of the right to personal freedom, it will not issue as a matter of course, and it should be cautiously used by the Federal Courts in reference to State prisoners. Being a civil process it cannot be converted into a remedy for the correction of mere errors of judgment or of procedure in the court having cognizance of the criminal offense."

If Federal courts are cautious in the use of this important writ in reference to State prisoners, a Colonial court whose proceedings are subject to Federal review, should be equally cautious; more especially where, as in the case in hand, a mandate for a new trial has been issued, by a Federal court with appellate jurisdiction.

In accordance with these views the prisoners have been remanded.