## BENNINGTON COUNTY SAV. BANK v. COMMERCIAL NAT. BANK OF SHREVEPORT.

### No. 520.

District Court, W. D. Louisiana, Shreveport Division.

Dec. 27, 1932.

202

Modisette & Adams, of Jennings, La., for complainant.

Cline, Plauche & Thompson, of Lake Charles, La., for respondent.

DAWKINS, District Judge.

Plaintiff, a citizen of the state of Vermont, seeks an injunction against the Commercial National Bank of Shreveport, La., as the executor under the will of Robert J. Wilson, deceased, to prevent the sale of certain property, pursuant to an order of the district court of the state, sitting as a court of probate. It alleges that it is the holder of a lien and special mortgage, with the right to have the property sold under executory process, but that the defendant, without notice to it, has obtained from the state court an ex parte order for the sale of said property, free from plaintiff's lien, together with other property, for the purpose of paying the debts of the succession and expenses of the executorship, such as attorney's fees, executor's fees, etc., to the prejudice and impairment of plaintiff's superior lien and the express provisions of the act of mortgage. The prayer is that:

"A rule issue herein upon the said defendant to show cause, if any it has or can, at such time and place as this court may fix and determine, and also restraining the said defendant from further proceeding herein, pending the hearing upon the said rule, and after hearing that the restraining order be made permanent or an injunction issue, with or without bond and upon such terms and conditions as the court may provide, forbidding, restraining and enjoining the defend-

ant, its officers, agents and attorneys and all others from any further attempt to dispose of or alienate complainant's security or to sell the same in the probate court.

"Prays that complainant's rights to proceed by executory process herein be recognized.

"And prays for all necessary orders and decrees and for costs and for full and general relief in law and in equity."

At the hearing on the rule defendant filed a motion to dismiss, upon the following grounds:

"First: For insufficiency of fact to constitute a valid cause of action in equity.

"Second: For want of jurisdiction in this court to grant the relief therein prayed for."

In brief, counsel for respondent divides these defenses into four heads: (1) That the property being in process of administration under the probate laws of the state, a federal court will not interfere; (2) that the state court being vested with jurisdiction and possession of the res, no other court of concurrent power can reach it; (3) that section 379, tit. 28 U. S. C., 28 USCA § 379 (Judicial Code, § 265, R. S. § 720), forbids a federal court to enjoin proceedings in a state court except as to matters in bankruptcy; and (4) that by its nature, the relief sought by plaintiff is only ancillary without a principal demand, and, therefore, cannot be granted.

Taking up these questions in reverse order, the bill does not actually pray for executory process under the mortgage (which is a proceeding peculiar to the law of the state and taking the place of that under a common-law deed of trust), but asks that its rights thereto be recognized. As I see it, nothing could be gained by a bare declaration in the decree in this case, which would entail the same investigation as a matter of proof as if the plaintiff had sued upon its notes and mortgage via ordinaria, as it could have done had it seen fit to do so. The effect of the bill and the relief sought would simply be to find that plaintiff is entitled to executory process, enjoin the executor from further attempting to sell the property under the order of the probate court, and leave the complainant to its pleasure in instituting foreclosure proceedings. The state court has the right and duty to proceed with the administration and liquidation of the estate in a prompt and orderly manner, subject, of course, to the assertion by plaintiff or other creditors of such claims in such forums as the law affords them; but I do not believe

it can be permitted to tie the hands of the state officers with respect to this property and leave the matter in that unsettled state. Had the plaintiff brought a bill of foreclosure in this court, in accordance with the state procedure, and applied to this court for relief incident to that proceeding by injunction, then I have no doubt it could have been afforded. The decisions both of the Supreme Court of the United States and other federal courts, as well as those of the Louisiana Supreme Court, recognize the right of a creditor with a lien upon specific property to enforce it in any tribunal having the proper jurisdiction of the parties, notwithstanding the pendency of probate proceedings involving the property of the estate of the deceased debtor. This does not interfere with the handling of the estate otherwise by the state court, but simply removes that particular property from its power in order that the court to which the plaintiff is entitled to resort may determine the issues between the parties in accordance with the law of the land and the terms of the contract which the owner had entered into while living. Erwin v. Lowry, 7 How. 172, 12 L. Ed. 655; German Savings & Loan Society v. Cannon (C. C.) 65 F. 542; Griswold et al. v. Central Vermont R. Co. et al. (C. C.) 9 F. 797; Dupuy v. Bemiss, 2 La. Ann. 509; Gally v. Dowling, 30 La. Ann. 323. See, also, Williams v. Benedict, 8 How. 115, 12 L. Ed. 1007; Lawrence v. Nelson, 143 U. S. 215, 12 S. Ct. 440, 36 L. Ed. 130.

In my judgment it makes no difference that the executor has applied for an order of sale and is now advertising the property to be sold on January 7, 1933, for it was just as much in the custody of the state court, for the purposes of this case, before that order was issued as it has been since that time.

My conclusion is that no relief can be granted the complainant under the present bill and the only thing that can be done is to dismiss it, reserving to the plaintiff the right to proceed for the protection of its interests, as it may be advised. Proper decree should be presented.