[No. 7349.   Decided April 8, 1909.]

N. C. Wiley *et al.*, *Respondents*, v. Victor Verhaest *et al.*, *Appellants.*[1]

Executors and Administrators—Husband and Wife — Community Property—Administration—Jurisdiction to Administer One-Half—Collateral Attack. Upon the death of a wife, the court has jurisdiction to administer upon her undivided one-half interest in community real property, no objection being made, although the proceeding may be irregular and the proper course would have been to administer upon the entire community estate; and a sale of such half interest to pay community debts cannot be collaterally attacked for want of jurisdiction (Chadwick and Parker, JJ., dissenting).

Vendor and Purchasers—Title of Vendor—Objections by Vendee—Estoppel to Urge Defects—Action Perfecting Vendor's Title —Specific Performance. Where purchasers of real estate had refused to accept a title because of defects in an administrator's sale of the interests of minor heirs, yet insisted on holding possession and that the vendor perfect his title, they cannot, in an action brought by the vendor against all interested parties to quiet and assure his title and for specific performance, urge defects in the administrator's sale which are not urged by the heirs after they were duly made parties to the action, and who failed to except to, and are concluded by, findings in favor of the vendor, quieting his title; since the judgment declaring the vendor's title perfect concludes all the parties in interest.

Appeal from a judgment of the superior court for King county, Morris, J., entered December 9, 1907, upon findings in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action for the specific performance of a contract to sell land. Affirmed.

*Frank S. Griffith*, for appellants.

*Harold Preston*, for respondents.

Crow, J.—This action was commenced by N. C. Wiley and Sallie F. Wiley, his wife, against Victor Verhaest, his wife, H. A. Harris, H. A. Harris as administrator of the

[1] Reported in 100 Pac. 1008.

estate of K. B. Harris, deceased, Zera Harris, a minor, and Muryl Harris, a minor, to quiet title and to enforce the specific performance of a contract to sell real estate. On July 13, 1907, after the administration proceedings hereinafter mentioned, plaintiffs entered into a written contract to sell to Victor Verhaest lot 5, in block 51, T. Hanford's addition to the city of Seattle, for $2,475. The defendant Victor Verhaest paid $50 cash thereon, and with the consent of plaintiffs entered into immediate possession. Plaintiffs had acquired title to one undivided one-half of the lot from the defendant H. A. Harris, individually, and the other undivided one-half from the defendant H. A. Harris as administrator of the estate of K. B. Harris, deceased. When the plaintiffs tendered a deed to the defendant Victor Verhaest, he refused the same, claiming that the title was defective, but retained possession, and refused to accept a return of the $50 which he had theretofore paid. Thereupon the plaintiffs commenced this action, and in substance alleged, that on September 26, 1906, the defendant H. A. Harris and one K. B. Harris were husband and wife and owned the real estate as their community property; that on said date K. B. Harris died intestate, leaving her husband, the defendant H. A. Harris, and two minor children, the defendants Zera and Muryl Harris, as her only heirs at law; that on September 29, 1906, H. A. Harris was appointed and qualified as administrator of the estate of K. B. Harris, deceased; that he filed an inventory in which he included only the wife's undivided half of the lot above described; that he made application to sell the wife's undivided half of the lot, to pay her half of community debts and the costs of administration; that such proceedings were had that under an order of court he sold the wife's undivided half to plaintiff N. C. Wiley; that the sale was confirmed, and an administrator's deed was executed and delivered; that all the proceedings in the matter of the estate pertaining to the sale were regular and in accordance with the statute; that the plaintiff N. C. Wiley

purchased from the defendant H. A. Harris the other undivided half of the lot; that thereafter plaintiffs entered into a contract whereby they agreed to sell the entire lot to the defendant Victor Verhaest, who made a partial payment thereon, and with plaintiffs' consent entered into immediate possession; that plaintiffs have tendered a conveyance of the 'lot to defendant Victor Verhaest; and that he has refused to complete the purchase, to receive a return of his partial payment, or to surrender possession, basing such refusal upon the claim that there is some irregularity in the probate proceedings under which plaintiffs acquired a portion of their title.

By their prayer the plaintiffs, in substance, demand that each and all of the defendants be required to set forth any claim they may have in or to the lot; that the court ascertain and adjudge the title; that if the plaintiffs hold title, a decree for specific performance be entered against the defendants Verhaest and wife, and that they be required to pay the agreed purchase price; that if, on the other hand, the judgment of the court be that the plaintiffs do not have title, a decree be entered setting aside the probate sale, and directing the administrator to refund the sum of $875 paid by plaintiffs as a consideration therefor.

The defendants Verhaest and wife by their answer interposed certain denials, admitted their contract to purchase; alleged they were to make payment when a merchantable title was given, but that no such title had been tendered; admitted that they had made a partial payment and entered into possession, and admitted that they had refused to complete the purchase; but alleged that they did so by reason of the defective title. For affirmative defense they further alleged, that the plaintiffs Wiley and wife had agreed to give them a good record and merchantable title, and to furnish an abstract showing the same; that they had furnished an abstract showing the title to be fatally defective, and that they had refused to correct the title, or make the same mer-

chantable.   By their prayer they demand that plaintiffs
be required to give them a good, merchantable title, and that
in the event of their failure so to do, they be ordered to re-
fund the partial payment made.   H. A. Harris, personally
and as administrator, and the minor defendants, Zera and
Muryl Harris, by their guardian *ad litem,* filed answers the
allegations of which need not be stated.

The trial court made findings of fact, in substance, as
follows:   That on September 26, 1906, H. A. Harris and
K. B. Harris, husband and wife, owned the lot as their com-
munity property; that on said date there existed a verbal
contract between them and the plaintiff N. C. Wiley for
the sale of said lot to plaintiffs, for $1,400; that on Sep-
tember 26, 1906, K. B. Harris died intestate leaving surviv-
ing her H. A. Harris, her husband, and two minor children,
Zera and Muryl Harris, as her only heirs at law; that on
September 29, 1906, H. A. Harris made application to be
appointed administrator of her estate; that thereupon, the
court having jurisdiction of the subject-matter, such pro-
ceedings were had that he was duly appointed and qualified;
that he filed his inventory, including therein the wife's half
only of the lot above described; that he made application
for an order to sell the wife's half of the lot, to pay her half
of the community debts; that his application complied with
the statutory requirements; that upon such application being
presented, the court made its regular order fixing the time
and place of hearing, directing all persons interested to show
cause why the application should not be granted; that said
order to show cause was published for four successive weeks
in a newspaper designated by the court; that on the day of
hearing fixed in the order, and before proceeding to other-
wise act upon the petition, the court regularly appointed a
guardian *ad litem* to represent the minor defendants; that
no objection to the granting of the application was made;
that the court finding the allegations of the application and
petition to be true, made and entered its order directing the

sale of the wife's undivided half of. the lot; that thereupon
the administrator, after due publication, sold the same to
N. C. Wiley for $875; that the administrator made return
of the sale; that the court (the minors then and there ap-
pearing by their guardian *ad litem*) regularly made its order
confirming the sale, and directing the administrator to convey
the wife's undivided half of the lot to N. C. Wiley; that the
plaintiff N. C. Wiley paid the purchase price; that on the
18th day of April, 1907, the administrator made the con-
veyance; that all such proceedings were regular and in ac-
cordance with the statute; that thereafter the plaintiff N.
C. Wiley purchased from the defendant H. A. Harris his
undivided half of the lot, receiving a conveyance therefor;
that out of the proceeds of the administrator's sale the ad-
ministrator paid the decedent's one-half of the community
debts; that out of his own funds he paid the other half;
that the time for the presentation of claims against the estate
has expired; that all debts of the estate have been paid; that
thereafter the plaintiffs entered into a contract to sell the
entire lot to the defendant Victor Verhaest; that he agreed
to purchase the same for $2,475, then making a partial pay-
ment of $50; that with plaintiffs' consent he took immediate
possession; that his time for final payment expired on August
13, 1907, and that plaintiffs then offered to convey, but
that he refused to complete the purchase, to accept a return
of his partial payment, or to re-deliver possession, basing
such refusal upon some defect in the probate proceedings.

Upon these findings a judgment was entered by which it
was decreed that the plaintiffs are the owners in fee simple;
that H. A. Harris, H. A. Harris as administrator, Zera
Harris, a minor, and Muryl Harris, a minor, have not, nor
has any of them, any interest, claim, or title in or to the
lot or any part thereof; that the title of the plaintiffs be
quieted as against them; that the contract of sale between
the plaintiffs and the defendants Victor Verhaest and wife
be specifically enforced; that the said defendants forthwith

pay to the plaintiffs $2,425, with interest, and the costs of this action, and that the plaintiffs forthwith convey the lot to the defendant Victor Verhaest. The defendants Victor Verhaest and wife have appealed. No appeal has been taken by any other party.

The appellants contend, that upon the death of one member of a community, the entire community property is subject to administration; that the superior court has no probate jurisdiction or power to separately administer the undivided one-half of the community property assumed to have belonged to the deceased, and that the plaintiffs therefore acquired no title under the administrator's deed for the deceased wife's undivided one-half of the lot, or under the separate deed afterwards executed and delivered by the husband H. A. Harris for his undivided one-half. In support of their contention that an administration upon an undivided half of the community property only is without jurisdiction and void, they cite: *Ryan v. Ferguson*, 3 Wash. 356, 28 Pac. 910; *Hill v. Young*, 7 Wash. 33, 34 Pac. 144; *In re Hill's Estate*, 6 Wash. 285, 33 Pac. 585; *Sadler v. Niesz*, 5 Wash. 182, 31 Pac. 630, 1030; *In re Cannon's Estate*, 18 Wash. 101, 50 Pac. 1021 and other cases from this court.

There is no question but that, upon the death of one member of the community, the entire community property is subject to administration, and that such complete administration is the proper method of procedure. It is conceded in the case before us that only one-half of the community estate was administered. There was no attempt upon the part of the court to assume jurisdiction for the purpose of administration or probate sale, over any portion of the property other than the deceased wife's undivided half. We fail, however, to discover any sound reason for now holding in this collateral proceeding that the superior court was without jurisdiction to administer upon and sell the undivided half of the estate, although its proceeding must be conceded to have been irregular. There is a marked distinction between judicial pro-

ceedings that are irregular or erroneous, and those that have been conducted without jurisdiction. The court would undoubtedly have subjected the entire community estate to its jurisdiction and orders had proper application therefor been made. We have never held the superior court to be without probate jurisdiction to administer upon a deceased spouse's half of community property. Unquestionably it would be the better and certainly the proper practice under our law to subject the entire interest in the community property to administration, but failure to do so, being only an irregularity, does not deprive the court of jurisdiction over that undivided portion upon which administration is actually had. Such an administration being within the jurisdiction of the court cannot, when once completed, be afterwards questioned.

The appellants further contend that the proceedings under which the administrator's sale was had were void for want of proper service of process upon the minor defendants Zera and Muryl Harris; that publication of the show cause order was not made for the entire period of time required by the statute or fixed by the order of court; that no jurisdiction was obtained over the minors by the mere appointment of a guardian ad litem who afterwards appeared on their behalf; that the proceeds of the sale of the deceased wife's undivided one-half of the lot, were improperly applied in payment of the entire costs of administration and certain debts, instead of being applied to the payment of only one-half thereof. On all of these questions the trial court found against appellants' contention, and the other defendants have not excepted to or questioned such findings.

Appellants strenuously insist that these findings are not sustained by the preponderance of the evidence, but under the condition of the record now before us, we do not think they are in a position to urge such contention. The respondents properly made H. A. Harris, H. A. Harris as adminis-

trator of the estate of K. B. Harris, deceased, and Zera and Muryl Harris, minors, parties defendant in this action. All of them have been legally and personally served with process herein. A guardian *ad litem* who was regularly appointed for the minor defendants, appeared in this action, answered, and defended on their behalf. The trial court has made findings of fact against each and all of these defendants, and has entered a decree adjudging the plaintiffs' title to be good, not only against H. A. Harris individually and as administrator of his wife's estate, but also as against the minor heirs. None of them have appealed. They have had their day in court. They are the only persons who could possibly question respondents' title. The decree is now binding upon them.

The record further shows that the appellants made a partial payment of purchase money to the respondents; that they took immediate possession of the property; that they refused either to accept a return of the purchase money, or to yield their possession to respondents; that they have continually objected to the title, but at the same time demanded that it be perfected by the respondents, and they have asked in the prayer of their answer that the respondents be required to give them a good and merchantable title. Under these conditions we fail to see how the respondents could proceed otherwise than by the commencement and prosecution of this action. Appellants, by their attitude, have invited the same. The decree of the court from which the other defendants have failed to appeal has completely quieted respondents' title, and placed them in a position to comply with the demand which the appellants, while retaining possession, have constantly made, and still make, by the prayer of their answer herein.

The judgment of the trial court is right, and is therefore affirmed.

RUDKIN, C. J., MOUNT, DUNBAR, and GOSE, JJ., concur.

FULLERTON, J., concurs in the result.

MORRIS, J., took no part.

CHADWICK, J. (concurring)—I cannot agree with all that is said in the majority opinion of the court. To hold that an administration of an undivided half of community property may be had to the exclusion of the other half is contrary to the settled law and the accepted practice in this state. While the community is perforce dissolved by the death of either spouse, the property remains an entity. The dissolution of the community relationship does not operate to divide or partition the estate. Hence the court cannot take jurisdiction of the undivided half. It must take jurisdiction of the entire interest of the community. If it undertakes to exercise jurisdiction over less than the whole, its act should be held to be void. The reasons for this rule are stated in *Ryan v. Ferguson*, 3 Wash. 356, 28 Pac. 910, and need not be repeated here.

Further, it seems to me that that part of the foregoing decision which assumes to hold that the administration of one-half of the community interest is a mere irregularity is entirely unnecessary to sustain the judgment of the court, and may lead to untold confusion of titles. The trial court was a court of equity exercising general jurisdiction and had all the parties before it. The minors were represented by a guardian *ad litem*. They were bound by the judgment quieting the title in respondent. If our judgment was based upon this ground, however, no costs should be taxed against appellant, for the burden of furnishing a good title was upon respondents, and this they could not do in any event until it had been judicially determined that the heirs of K. B. Harris had waived their interest in the property. If the judgment is to be affirmed it should not be upon the ground that the probate proceeding was sufficient to conclude the interest of the heirs, but because the minor heirs, being in court by their guardian *ad litem*, had allowed their day to pass without asserting their interest.

Another ground upon which the judgment of the trial court can properly be affirmed is that appellants had estopped

themselves to question the title offered, as suggested in the concluding part of the majority opinion.

I concur in the result.

PARKER, J., concurs with CHADWICK, J.