[No: 7704.   Decided July 20, 1909.]

*In the Matter of the Estate of* FRANCIS M. GUYE, *Deceased.*
THE STATE OF WASHINGTON, *on the Relation of John W.
Guye et al., Plaintiff,* v. THE SUPERIOR COURT FOR
KING COUNTY *et al., Respondents.*[1]

EXECUTORS AND ADMINISTRATORS—LETTERS OF ADMINISTRATION—
PREREQUISITES — INTESTACY — JURISDICTION — COMMUNITY . PROPERTY.
The power to grant letters of administration being purely statutory,
intestacy is a necessary prerequisite to the granting of general let-
ters of administration in this state, under Bal. Code, §§ 6141, 6142,
authorizing administration upon the estates of intestates and re-
quiring the application to show that the deceased left no will; hence
the superior court is without jurisdiction to grant letters of· admin-
istration to the wife upon the community property, after appointing
executors and admitting to probate the will of her deceased hus-
band, devising and bequeathing his half interest in the community
property and his separate estate, and naming his executors.

SAME — WILLS — HUSBAND AND WIFE — COMMUNITY PROPERTY —
POWER TO NAME EXECUTOR.  Under Bal. Code, §§ 4490 and 4621, mak-
ing one-half of the community property subject to the testamentary
disposition of each spouse, the testator has the power to name the
executor to administer the estate, which necessarily carries with it
the administration of all community property for such length of
time as necessary to pay debts and speedily close the estate.

PROHIBITION—ADEQUACY OF REMEDY AT LAW—LETTERS OF ADMINIS-
TRATION.  Prohibition lies to prevent the threatened issuance of let-
ters of general administration without jurisdiction, since there is
no adequate remedy at law.

Application filed in the supreme court October 7, 1908, for
a writ of prohibition to the superior court for King county,
Morris, J., to prevent the issuance of letters of administra-
tion, after a hearing before the court on the merits on an
application for letters.   Writ granted.

*Higgins, Hall & Halverstadt,* for relators.
*Blaine, Tucker & Hyland,* for respondents.

[1]Reported in 103 Pac. 25.

Rudkin, C. J.—On the 25th day of May, 1908, Francis M. Guye, died testate in King county of this state, leaving an estate therein subject to administration. On the 2d day of June, 1908, the last will and testament of the decedent was admitted to probate in the superior court of King county, a certificate of probate was granted, and the appointment of the relators as executors and trustees of the will was confirmed. The executors and trustees duly qualified and entered upon the discharge of their duties, an inventory of the estate was filed, appraisers appointed, and notice to creditors published as prescribed by law.

On the 8th day of June, 1908, after the admission of the will to probate and the confirmation of the appointment of the trustees and executors therein named, Eliza W. P. Guye, surviving wife of the deceased, presented her petition to the superior court of King county praying for the appointment of an administrator for the community property belonging to the estate of her deceased husband and herself. Notice of this application was duly given, and the matter came on regularly for hearing. At the close of the hearing, the court indicated its intention to grant the prayer of the petition, whereupon the executors and trustees named in the will applied to this court for a writ of prohibition to restrain the superior court from carrying out its expressed intention. The case is now before us for final determination on the return to the alternative writ, and two questions are presented for our consideration. First, was the superior court acting without or in excess of its jurisdiction; and second, if so, have the relators a plain, speedy, and adequate remedy in the ordinary course of law.

Section 6141, Bal. Code (P. C. § 2433), provides that,

"Administration of the estate of a person *dying intestate* shall be granted to some one or more of the persons hereinafter mentioned, and they shall be respectively entitled in the following order: . . . ."

Section 6142 (P. C. § 2435), provides that,

"Application for letters of administration shall be made by petition in writing, signed by the applicant or his attorney, and filed in the superior court, which petition shall set forth the facts essential to giving the court jurisdiction of the case, and such applicant, at the time of making such application, shall make an affidavit, stating, to the best of his knowledge and belief, the names and places of residence of the heirs of the deceased, and that the deceased *died without a will.*"

The power to grant letters of administration upon the estate of a deceased person is purely statutory, and it would seem that intestacy is a necessary prerequisite to the granting of general letters of administration in this state.

"The grant of original and general administration by a probate court corresponds to that of letters testamentary issued to an executor; its application being, however, in cases where a deceased person whose estate should be settled *either died wholly intestate or left a will of which, for some reason, no one can be a qualified executor within the jurisdiction.* According to the various cases which may arise, there are various special kinds of administration, besides what may be termed 'general administration.'" Schouler, Executors (3d ed.), § 90.

Our statute provides for general administration in cases of intestacy, for administration *de bonis non,* and for special administration pending contests over wills or the granting of letters of administration, and in other like cases, but we find no statutory authority for a general administration upon community property, such as is here sought.

"To the grant of general and original administration upon the estate of a deceased person, *intestacy is a prerequisite;* such allegation should be made in the petition, and the court should have reason to believe the statement true. Letters of general administration, granted during the pendency of a contest respecting the probate of a will, or after probate, regardless of the executor, are null and void. And local statutes interpose reasonable delay to such grants of administration, in order to give full opportunity for the production

of a will, so that the estate may be generally committed, if possible, according to the last expressed wishes of the deceased." Schouler, Executors (3d ed.), § 91.

See, also, 1 Woerner, American Law of Administration, *p. 402; 18 Cyc. 82; *In re Davis' Estate*, 11 Mont. 196, 28 Pac. 645; *Slade v. Washburn*, 25 N. C. 557.

Section 6128, Bal. Code (P. C. § 2420), provides that if letters of administration have been granted, and a will is thereafter found and probated, the letters already granted shall be revoked and letters testamentary or with the will annexed granted in their stead. The letters of administration sought in this case are general in their character, so far as the community property is concerned at least, and the court below was about to grant them, regardless of the fact that a will had been probated and executors were already in charge of the estate.

In *In re Hill's Estate*, 6 Wash. 285, 33 Pac. 585, it was intimated, rather than decided, that the husband or wife could not appoint an executor to take charge of the community property to the exclusion of the surviving spouse, and that in such cases application for an administrator for the community estate might be made under Bal. Code, § 6141, *supra*. But, as said by Mr. Justice Stiles in his concurring opinion, many questions were argued and decided in the majority opinion in that case that were not involved in the case itself, and the majority of the court seems to have lost sight of the fact that a general grant of letters of administration is only authorized in case of intestacy.

By §§ 4490 and 4621, Bal. Code (P. C. §§ 3876, 2703), one-half of the community property is subject to the testamentary disposition of each spouse, subject to the community debts, and in the absence of some controlling statute, the power to name an executor to administer an estate is co-extensive with the power to devise or bequeath the estate itself. In the case at bar, the deceased devised and bequeathed his half interest in the community estate and named execu-

tors to administer that estate. Owing to the peculiar characteristics of the community estate, administration upon an undivided one-half interest therein is impracticable, if not impossible, so that administration upon the whole estate is indispensable upon the death of either spouse. The right to name the executor or administrator must vest in either the husband or wife; for, in the nature of things, there cannot be two personal representatives for the same estate acting independently of each other. It is said that it will work an unwonted hardship upon the survivor if one of the spouses may name an executor to take charge of the estate after death, to the exclusion of the survivor; but power to make the selection must be lodged some place, and it is suggested in the briefs that it would be equally unfair to vest the sole power of selection in the survivor. But these questions of policy are for the legislature and not for the courts, and suffice it to say, we are convinced that the husband or wife, as the case may be, has authority under our statutes to name an executor for community as well as for separate property, and that the executor thus named cannot be superseded by an administrator appointed at the suggestion of the surviving spouse.

We do not desire as to be understood as holding that the husband or wife may tie up the community property longer or farther than is necessary to settle and close the estate. Administration upon the whole community estate upon the death of one of the spouses arises from the necessities of the case, and the surviving spouse has a right to insist that it shall be speedily closed and that his or her half of the community property shall not be withheld after the debts and expenses of administration have been paid. We are of opinion that the court below was acting in excess of its jurisdiction when it attempted to appoint an administrator for the community property under the circumstances disclosed by this record; and if so, the relators have no adequate remedy at law under former holdings of this court. *In re*

*Sullivan Estate*, 36 Wash. 217, 78 Pac. 945; *State ex rel. Speckart v. Superior Court*, 48 Wash. 141, 92 Pac. 942.

The writ will therefore issue as prayed.

CHADWICK, FULLERTON, MOUNT, DUNBAR, and CROW, JJ., concur.