[No. 10909.   Department Two.   April 1, 1913.]

FIRST NATIONAL BANK OF RITZVILLE, *Respondent*, v.
W. R. CUNNINGHAM, SENIOR, *as Executor etc.*,
*Appellant.*[1]

HUSBAND AND WIFE—COMMUNITY PROPERTY—EXECUTORS AND ADMINISTRATORS—CLAIMS—COMMUNITY DEBTS.   Upon the death of the wife, a judgment recovered against the husband alone on a community debt is properly established as a claim against the estate of the community.

EXECUTORS AND ADMINISTRATORS—CLAIMS—PRESENTMENT—DEATH PENDING SUIT—HUSBAND AND WIFE.   Rem. & Bal. Code, § 1481, providing that if any action be pending against the deceased at the time of his death, the plaintiff shall present his claim for allowance, and no recovery shall be had in the action unless proof be made of the presentment, has no application to an action against a husband alone on a community debt, whose wife died pending suit; since the plaintiff had a right to a judgment against the husband binding his separate estate, and since the wife was not a party to the suit.

Appeal from a judgment of the superior court for Adams county, Kauffman, J., entered May 28, 1912, in favor of the defendant, in an action upon a claim against an estate, after a trial to the court.   Affirmed.

*Walter Staser* and *C. H. Spalding*, for appellant.
*Lovell & Davis*, for respondent.

[1]Reported in 130 Pac. 1148.

MORRIS, J.—Appeal from a judgment establishing as a proper claim against the estate of a deceased wife, a judgment obtained in an action against the husband alone upon a community indebtedness. The respondent first brought an action against the husband upon two promissory notes, without making the wife a party. Pending this action, the wife died. The action proceeded to judgment. This judgment is admitted to be a community judgment. Respondent then filed the judgment as a claim against the community in the estate of the deceased wife. It was rejected, and this suit was brought thereon, resulting in the judgment appealed from.

These facts support the judgment so clearly that it is difficult to find anything to discuss without again opening up the long-ago settled law of this state. When the wife died, the entire community estate was subject to administration, and all community debts were proper claims against that estate. The judgment against the husband, being a community judgment, was properly filed as a claim against the community estate, such a judgment being enforceable out of the separate property of the husband or the community property. *Oregon Imp. Co. v. Sagmeister,* 4 Wash. 710, 30 Pac. 1058, 19 L. R. A. 233; *Curry v. Catlin,* 9 Wash. 495, 37 Pac. 678, 39 Pac. 101; *McDonough v. Craig,* 10 Wash. 239, 38 Pac. 1034; *Ryan v. Fergusson,* 3 Wash. 356, 28 Pac. 910; *In re Hill's Estate,* 6 Wash. 285, 33 Pac. 585. That this is the law is admitted by appellant, his contention being that, under Rem. & Bal. Code, § 1481, providing that:

"If any action be pending against the testator or intestate at the time of his death, the plaintiff shall, in like manner, present his claim to the executor or administrator for allowance or rejection, authenticated as in other cases; and no recovery shall be had in the action, unless proof be made of the presentment;"

the wife having died during the pendency of the first action, and by her death subjected the entire community estate to

administration, respondent should have abandoned the first action, and presented a conceded community indebtedness as a claim against the community estate, and not having done so, all rights of enforcement against the community estate have been lost. This contention overlooks the fact that, the husband alone having signed the note, it became, when established as a just claim, not only a presumptive community indebtedness, but one enforceable against the separate estate of the husband, and no law required respondent to abandon his pursuit of the separate estate of the husband in order to establish the claim against the community estate. Respondent had a right to proceed to judgment against the husband; and the community character of the indebtedness being admitted, that judgment became a lien both on the separate estate of the husband and the community estate.

Neither do we think that the wife is within the description of the statute. No action was pending against her at the time of her death. There was no attempt to subject her separate property to any claim of respondent. All that was sought in that first action was to obtain a judgment against the husband, which judgment is, not only presumptively but admittedly, a claim against the community estate. As such it is properly enforceable against the community estate, and the judgment so holding is affirmed.

CROW, C. J., ELLIS, FULLERTON, and MAIN, JJ., concur.