[No. 20418.   Department One.   September 7, 1927.]

RAYMOND A. STANTON, *as Administrator etc.,*
*Respondent,* v. EVERETT TRUST & SAVINGS
BANK, *Appellant.*[1]

[1] HUSBAND AND WIFE (99)—COMMUNITY PROPERTY — ADMINISTRA-
TION.  Since community property is to be administered as an
entirety, and not merely as the undivided half of the deceased
spouse, upon the death of the surviving husband without prior
administration of the community interests of his deceased wife,
the entire interest of the community must be administered in
the matter of his estate; and after appointment of his executor,
an heir of the wife is not entitled to administration upon her
interests but must seek relief in the pending administration on
the husband's estate.

Appeal from a judgment of the superior court for
Snohomish county, Alston, J., entered September 25,
1926, upon findings in favor of the plaintiff, in an
action to determine the right to administer upon a
decedent's estate.  Reversed.

*J. A. Coleman* and *Sherwood & Mansfield,* for ap-
pellant.

*Newton & Newton* and *Lundin & Barto,* for respond-
ent.

FULLERTON, J.—On September 29, 1924, one Carrie L.
King died intestate in Snohomish county, leaving
an estate therein consisting of a community interest in
real and personal property, subject to administration
under the probate laws of the state.  At the time of
her death she was, and for some fourteen years prior
thereto had been, the wife of one Thomas A. King.
Within a short time following the death of Mrs. King,
her surviving husband petitioned for, and was granted,
letters of administration upon her estate.

[1]Reported in 259 Pac. 10.

On the face of the proceedings, the administrator proceeded regularly with the administration of the estate. He caused to be prepared and filed what purported to be an inventory of all of the property of the estate, caused the property to be appraised, and caused a notice to creditors to be published. He paid the expenses of the last sickness and the funeral expenses of the decedent, and, after the time for presenting claims against the estate had expired, paid such claims as were presented against it. He thereupon petitioned the court to set apart to him the property remaining of the estate as property to which he was entitled in lieu of a homestead therein. This property he described as consisting of a contract interest in certain real property, as household goods, furniture and fixtures, and as cash in the sum of $102.27, the whole being of less value that $3,000. On July 20, 1925, on a hearing had upon notice, the court set apart the property to the petitioner in accordance with the prayer of his petition. No further proceedings were had in his estate prior to his death, which occurred on November 9, 1925.

There was no issue of the marriage of Thomas A. King and Carrie L. King. Each of them, however, had been previously married, and each had issue by these former marriages living at the time of their respective deaths. Thomas A. King died testate, leaving an estate of the value of approximately $25,000, consisting largely of real property. In his will, he purported to devise the entire property, devising the greater part of it to his own immediate heirs. He named the appellant, Everett Trust & Savings Bank, as the executor of the will. The appellant qualified as such executor and entered upon the execution of trust.

The respondent, Raymond A. Stanton, is a son of

Carrie L. King by her former marriage. In December, 1925, he filed a petition in the estate of his mother, asking to be appointed administrator *de bonis non* of her estate, averring in his petition that she left property not administered upon. He was so appointed, and thereupon filed an inventory in which he listed as property of the estate an undivided half interest in the property devised by the will of Thomas A. King, and which was then in the process of administration by, and in the possession of, the appellant. He thereupon demanded of the appellant possession of the undivided half interest, which possession was refused him.

In this action, he sought to recover possession of the undivided half interest and to subject the interest to administration in the estate of his mother as property not therein administered upon, alleging in his complaint that the property was, at the time of the death of Carrie L. King, the community property of herself and Thomas A. King, and subject to administration as a part of her estate. The appellant first challenged his right to maintain the action, and upon its challenge being overruled, answered to the merits, putting in issue the allegations of the complaint as to the community character of the property. The issue thus framed was tried to the court, after which trial the court found the property to be community property, and further found that the respondent was entitled to the possession of an undivided half thereof, and entitled to administer upon such interest as administrator *de bonis non* of the estate of Carrie L. King. It entered a decree awarding possession of the property to the respondent, together with a judgment for one half of the rents, issues and profits of the estate accruing during the time it was in the possession of the appellant. The appeal is from this decree and judgment.

[1]  It is our opinion that the challenge of the appellant to the right of the respondent to maintain the action should have been sustained.  While the precise question presented has never been determined by this court, yet we have in analogous cases announced principles which necessarily lead to the conclusion that such an action as this cannot be maintained.  In the early case of *Ryan v. Fergusson,* 3 Wash. 356, 28 Pac. 910, this court announced the rule that, on the death of either husband or wife, the whole of the community property owned by them, not merely the undivided half, is subject to administration as the estate of the decedent.  This rule we have so often affirmed that a citation of the cases is unnecessary.  It is true that we have held that an administration had upon the decedent's one half of such property was not so far invalid as to be subject to avoidance on a collateral attack. But, in the case so holding, we announced our affirmance of the rule that the proper method of procedure was to administer upon the whole of the community estate.  *Wiley v. Verhaest,* 52 Wash. 475, 100 Pac. 1008.

In *Magee v. Big Bend Land Co.,* 51 Wash. 406, 99 Pac. 16, it appeared that the wife died in 1887, leaving a community interest in real property.  No administration was had thereon, the property remaining in the possession of the surviving husband.  The husband died in 1889.  The whole of the property, the wife's community interest as well as that of the husband, was administered upon, in which administration the real property was sold.  As against the claim of an heir of the wife, we held the sale valid, and that it passed to the purchaser the entire interest in the property.  In the case of *In re Guye's Estate,* 54 Wash. 264, 103 Pac. 25, 132 Am. St. 1111, it appeared that the husband died testate, leaving both community and

separate property subject to administration. In his will, he named certain persons as executors and trustees to administer upon the property and dispose of it according to the directions therein contained. The persons so appointed accepted the trust, and a certificate of probate was granted to them by the court. They entered upon their duties and were proceeding therewith, when the surviving wife petitioned the court to be appointed administratrix of the community property of the estate. On application of the executors, this court granted a writ prohibiting the court from so doing. In the course of the opinion, we used this language:

"Owing to the peculiar characteristics of the community estate, administration upon an undivided one-half interest therein is impracticable, if not impossible, so that administration upon the whole estate is indispensable upon the death of either spouse. The right to name the executor or administrator must vest in either the husband or wife; for, in the nature of things, there cannot be two personal representatives for the same estate acting independently of each other."

In other cases, where both of the spouses have died at separate times with no intervening administration, the superior courts have, and this court has, recognized it as a correct procedure to administer upon the community property of the spouses in one proceeding. In the cases of this nature which have reached this court, the question here suggested was not directly raised or determined, and it may be that, were the reasons against such a procedure otherwise determinative, we would not regard them as authoritative. We mention them as tending to show the general attitude of the members of the bar and the courts upon the question.

The underlying principle of the cases is that the community composed of husband and wife is an entity distinct from that of the spouses considered separately.

They hold the property by a different title from that by which they hold title to their separate property. The laws of descent applicable to it are different than are those applicable to separate property. The whole of the property is liable for the whole of the community debts, and to administer upon it as an undivided separate moiety might result in the payment of these debts out of the moiety, to the benefit of the surviving spouse and to the detriment of the heirs of the deceased spouse.

It is plain, moreover, in the instant case, that the executor and the administrator must act jointly, if there is to be a just administration of the community estate. Each is entitled to the possession of the property of the estate of which he is executor or administrator, and possession cannot be had other than by joint action. Creditors of the community, to protect themselves, will be obligated to present their claims to both estates, and, if they are to be paid out of the community property in just proportions, joint action is again necessary. So, too, there are always necessary legitimate charges accompanying the administration of community property that should be paid but once, and certainly some of these will be doubled by a double administration of the property. It is possible, of course, that these difficulties can be worked out without undue loss to the heirs and devisees of the property, even if the administration is to be carried on in the manner the judgment of the trial court directs, but it is manifest that it would lead to confusion, and, to our minds, furnishes a very substantial reason in support of our earlier holdings, namely, that the statute contemplates that there shall be at the same time but one administration upon community property.

It follows from the foregoing considerations, that the judgment of the trial court is erroneous, whatever

view may be taken on the merits of the controversy; that is to say, whatever view is taken on the question whether the property in controversy is community or separate. If it was community property, and the respondent, as administrator *de bonis non of* Carrie L. King, is entitled to administer thereon, the recovery should have been for the whole of the property, not an undivided half thereof. If, on the other hand, it is the separate property of Thomas A. King, no recovery at all should have been had. The real question in controversy therefore is, in which of these estates shall the property be administered upon. It is our opinion that it should be administered upon in the estate of Thomas A. King. It was never brought into the estate of Carrie L. King during the lifetime of the surviving spouse. With reference to that estate, it stood as much in the relation of property unadministered as it would have stood had no attempt been made to administer her estate. It was, therefore, subject to administration in the estate of Thomas A. King, and before any attempt was made to bring it into the earlier estate, it was brought within his estate and administration thereon begun. It was thus brought first in time into the Thomas A. King estate, and, we conclude, the administrator of that estate is first in right.

Since we conclude that the respondent cannot maintain the present action, we shall not discuss or determine whether the property in dispute is or is not community property. But it is not to be understood that the question is concluded against the heirs of Carrie L. King. The question is still open to them, and we but determine that they may not seek it in this form of proceeding. Their remedy is to proceed in the estate of Thomas A. King, and our order here made is without prejudice to their right to so proceed.

The judgment of the trial court is reversed, and the cause is remanded with instructions to dismiss the action. Costs will follow according to the usual rule in such instances.

MACKINTOSH, C. J., MAIN, MITCHELL, and FRENCH, JJ., concur.