[No. 20878. Department One. February 27, 1928.]

JOSEPH DEVEREAUX, *as Administrator of the Estate of Lillian Devereaux, Deceased, Respondent,* v. JOSIE ANDERSON *et al., Appellants.*[1]

[1] DESCENT AND DISTRIBUTION (12)—TITLE OF HEIRS. Upon the death of the ancestor, his personal property vests in the heirs subject to debts, the creditors of the estate having the superior right.

[2] EXECUTORS AND ADMINISTRATORS (40, 142)—PERSONAL PROPERTY ASSETS—COLLECTION AND PROTECTION — ACTIONS — PERSONAL OR REPRESENTATIVE CAPACITY. In an action by the surviving spouse as administrator, to recover personal property of the estate which was subject to debts due to creditors, it is no defense that, prior to his appointment, the survivor, as sole heir, made a gift of the property to the defendants; and that he was seeking to have it set aside to him as exempt; since defendants' claim should be presented in the administration proceedings on the administrator's claim to it as exempt.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered July 15, 1927, upon findings in favor of the plaintiff, in an action for the recovery of assets belonging to a decedent's estate. Affirmed.

*John E. Belcher,* for appellants.

*J. Chas. Dennis,* for respondent.

MITCHELL, J.—Joseph Devereaux and Lillian Devereaux were husband and wife for ten years until her death on April 5, 1927, in Pierce county, Washington. During that time they acquired the personal property involved in this controversy. On April 22, 1927, he was appointed and qualified as administrator of her estate. Shortly thereafter, as administrator, he brought this action against defendants Josie Ander-

[1]Reported in 264 Pac. 423.

son, Ruth Varco and Eva Tallant to recover posses-
sion of certain personal property alleged to belong to
the estate which they held and refused to deliver upon
his demand. They answered that, after Mrs. Dever-
eaux's death and before plaintiff was appointed ad-
ministrator, he, Joseph Devereaux, being the only heir
at law of the deceased, gave the personal property to
Josie Anderson and that they, the defendants, held the
property in pursuance of that gift. Upon the trial,
findings of fact, conclusions of law and judgment were
entered for the plaintiff. The defendants have ap-
pealed.

[1] As we understand, the appellants contend that
the husband, there being no child,

" . . . immediately upon the death of his wife
was vested with the title to all the community real and
personal property, subject only to the payment of the
community debts,"

and that he had the right to give the personal property
to the appellants. He denied making the gift and the
court made no finding with reference thereto.

Appellants are in error as to the vesting of title to
personal property upon the death of the owner. It
descends to the executor or administrator for the pay-
ment of expenses, debts, legacies and for distribution
of the residue. In this case the personal property in-
volved is of the value of $500, which is all that is left
to meet acknowledged debts against the estate in the
sum of $619. The creditors have a right over any heir
to the property, and the court was right in ordering
it delivered to the administrator to be used for that
purpose under the directions of the court.

[2] Appellants have injected into the case the claim
that Joseph Devereaux as surviving spouse was, upon
petition, having this property set aside to him in lieu
of a homestead as exempt and that he should not in

good faith be permitted to deny his gift of it to these appellants. This suit, however, is not by him in his individual capacity, but in his representative capacity. If appellants claim anything under him as an individual or heir, it should be asserted by them in an orderly way in the administration proceedings, if and when he attempts to have anything set aside or distributed to him, rather than by attempting to interfere with the rights of those who, in the law, have the first claim upon the property. Besides, the proof in this case, introduced by the appellants, shows that in the petition to set aside property in lieu of the homestead only a small amount of the personal property was mentioned, none of which was the property appellants are now claiming.

Affirmed.

MACKINTOSH, C. J., PARKER, FRENCH, and TOLMAN, JJ., concur.