## COMMISSIONER OF INTERNAL REVENUE v. LARSON.

### No. 10131.

Circuit Court of Appeals, Ninth Circuit.

Oct. 21, 1942.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Helen R. Carloss, and

Earl C. Crouter, Sp. Assts. to Atty. Gen., for petitioner.

H. B. Jones, of Seattle, Wash., for respondent.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

HANEY, Circuit Judge.

The question raised by the petition of the Commissioner of Internal Revenue is whether the income from community property in the hands of the executor of the husband's estate, is taxable in its entirety to the estate, or whether one-half of such income is taxable to the surviving spouse.

Adelbert Larson, a resident of Washington, died testate on June 7, 1934, leaving surviving him his widow, the respondent. All property which the parties had upon his death was community property, the total value of which was $2,353,480.79 which included 210,974 shares of stock in Sunshine Mining Company valued at $1,435,595.60. The will provided for legacies in a total amount of $482,000 and named a bank as executor. Claims filed against the estate amounted to $112,140.51.

During 1934 certain income was received from community property consisting of:

Dividends from Surety Finance
Company ................. $ 7,200.00
Interest on obligations received   4,749.36
Rentals received ..............  19,564.98
Dividends received ..........  66,907.28

On June 30, 1934, preparatory to listing the stock of Sunshine Mining Company on the New York Curb Exchange, one Stolle obtained options to purchase 70,000 shares of such stock from the executor. On July 26, 1934, the executor petitioned the probate court for and received authority to grant options covering 70,000 shares of Sunshine Mining Company stock. The petition stated that it was necessary to sell part of the personal property to pay the specific bequests. Respondent at no time gave permission to sell her interest in any community property, and there was no understanding that her interest was affected by the sales. On July 31, 1934, the executor petitioned for and received authority to sell an additional 15,000 shares of such stock.

On May 1, 1935, a petition for partial distribution was filed in the probate court stating that 85,000 shares of Sunshine stock had been sold "leaving in the possession of the executor * * * shares to the number of 125,974, of which said shares [respondent], as surviving spouse, is the owner of 105,487". The order granting the petition was to the same effect reciting that respondent was entitled to receive the 105,-487 shares of such stock upon closing of the estate "as her share of the community property". The profit on the sale of the stock was $95,904.77.

The income tax return of the estate for 1934, included the entire amounts of income above enumerated and the profit from the sale of stock. Respondent included no part of the items in her return. Petitioner audited her return, included one-half of each item as income, and assessed a deficiency in the tax she paid. On petition for redetermination the Board disapproved petitioner's action. Petitioner then initiated this review from the Board's decision.

Generally speaking, the amount of the net estate of a member of a community, for purposes of estate tax, is determined by deciding who the owner of the property in question is. Lang v. Commissioner, 304 U.S. 264, 58 S.Ct. 880, 82 L.Ed. 1331, 118 A.L.R. 319. In determining who must report community income for purposes of income taxation, the test of ownership as between the living members of the community, is likewise used as the test. Poe v. Seaborn, 282 U.S. 101, 51 S.Ct. 58, 75 L.Ed. 239. The instant case is the third situation, that is, where there is community income, but one member of the community is dead, and the latter's estate is being probated. In that situation, should the estate of the deceased report the entire community income, or only one-half hereof, so that the surviving spouse must report the other half thereof?

The particular statute governing the question provides that the specified tax on incomes "shall apply to the income of estates * * * including * * * (3) Income received by estates of deceased persons during the period of administration or settlement of the estate * * *" Petitioner contends that "ownership" is again the test to be used in solving the question, while respondent contends that the test is "receipt and control during administration, not * * * ultimate beneficial interest". Apparent inconsistencies are present when either rule is chosen. It would seem to be inconsistent not to apply the rule of "ownership" to all three

situations above described, but, on the other hand, it seems inconsistent to say that a spouse "owns" only half of the community income while living, but the whole thereof after he dies.

[1, 2] Under the community property system, at least as it existed prior to modification by state statutes, the community is considered as something separate and apart from the members thereof, something in the nature of an entity, although it is not in fact a legal entity. Compare: Stanton v. Everett Trust & Savings Bank, 145 Wash. 165, 259 P. 10, 12. Neither the husband nor the wife obtained a title to the community property itself until dissolution of the community and liquidation of the community property. As disclosed by Poe v. Seaborn, supra, under Washington law, the members of the community, prior to dissolution thereof, have a present, equal and vested interest in the community property. It is upon that rule that petitioner grounds his position. Respondent, on the other hand, contends that the interest of the surviving spouse is no more vested than that of a person to whom a bequest is made, and since the income of property specifically bequeathed must be returned by an executor, there is no reason why the executor should not return the income from community property.

We think the test of ownership is applicable here. In determining who the owner of the income is, state law is apparently applicable.[1] We therefore turn to state law to determine whether the executor alone, or the executor and the surviving spouse together, own the community income.

Pierce's Code, 1933, § 9863, provides that title to realty vests immediately in the heirs or devisees who are entitled to the rents, issues and profits thereof as against "any person except the executor or administrator and those lawfully claiming under such executor, or administrator". By § 9885 the executor or administrator is entitled to institute suit to collect any debts

due the estate or to recover any property, real or personal. It has been repeatedly said that upon the death of either spouse, the entire community estate, and not merely the half interest of decedent, is subject to administration.[2] In addition, title to the personal property vests in the executor or administrator. Devereaux v. Anderson, 146 Wash. 657, 264 P. 422, 423, 424.

We think it is clear from these authorities, that the "ownership" of the income from Community property during administration and liquidation thereof, is in the executor or administrator, and that therefore he should report such income in the income tax return of the estate.

With respect to the profit from the sale of stock, petitioner contends that such stock was community property. Respondent contends that the proceedings in the probate court conclusively show that only decedent's share of such stock was sold. The profit would be taxable only if it was profit from community property, and only if petitioner's contention regarding community income were sustained. Since we think the latter contention to be unsound, there is no occasion to consider whether the sale was of decedent's interest in the stock only.

Affirmed.

HEALY, Circuit Judge (concurring).

I think the profits received from the sales of the corporate stock stand on a somewhat different footing from the ordinary income received by the executor during the course of administration. As to the latter, it appears that under the Washington law the executor is entitled to receive ordinary income, hence it was properly taxable to the executor. As to the sales the Board found that they were made from the decedent's share of the stock. The question was one of fact, and since the Board's finding was based on substantial evidence I agree that its decision relative to the income from profits should be affirmed also.

---

[1] A contrary view has been expressed in a dissent. Commissioner v. Cadwallader, 9 Cir., 127 F.2d 547, 550–555.

[2] Bank of Montreal v. Buchanan, 32 Wash. 480, 73 P. 482, 483; Magee v. Big Bend Land Co., 51 Wash. 406, 99 P. 16, 17; Wiley v. Verhaest, 52 Wash. 475, 100 P. 1008, 1011; In re Guye's Estate, 54 Wash. 264, 103 P. 25, 26; F. T. Crowe & Co. v. Adkinson Const. Co., 67 Wash. 420, 121 P. 841, 843, Ann.Cas. 1913D, 273; First Nat. Bank of Ritzville v. Cunningham, 72 Wash. 532, 130 P. 1148; Stanton v. Everett Trust & Savings Bank, 145 Wash. 165, 259 P. 10, 12. See In re Carmack's Estate, 133 Wash. 374, 233 P. 942, for the length to which the rule is carried.