## BISHOP v. COMMISSIONER OF INTERNAL REVENUE.

### No. 11098.

Circuit Court of Appeals, Ninth Circuit.

Dec. 10, 1945.

Theodore R. Meyer and Robert H. Walker, both of San Francisco, Cal., for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., Tax Division, and Sewall Key, Helen R. Carloss, Hilbert P. Zarky, and John Garland, Sp. Assts. to Atty. Gen., for respondent.

Before GARRECHT, MATHEWS, and ORR, Circuit Judges.

MATHEWS, Circuit Judge.

Here for review is a decision of the Tax Court (4 T.C. 588) which determined that there was a deficiency of $1,070.23 in respect of petitioner's income tax for the calendar year 1940.

390

Petitioner is the widow of Roy N. Bishop, hereafter called decedent. She and decedent were married on May 9, 1907, and remained married until December 20, 1938, when decedent died. Throughout their married life they resided, and petitioner still resides, in the State of California. Decedent died testate. Petitioner and Crocker First National Bank of San Francisco were, respectively, his executrix and executor. His will was probated and his estate was administered in the Superior Court of the State of California in and for the City and County of San Francisco.

At the time of his death, decedent and petitioner owned community property acquired by them after July 29, 1927. Their respective interests in the community property were present, existing and equal interests under the management and control of decedent.[1] Petitioner's half of the community property continued to belong to her after decedent's death.[2] However, all the community property—petitioner's half as well as decedent's half—was subject to administration by decedent's executrix and executor [3] and was so administered.

The community property included stocks, bonds and bank deposits from which, in 1940, the executrix and executor collected income as follows:

| | |
|---|---|
| Dividends on stocks, | $4,299.10 |
| Interest on bonds, | 200.00 |
| Interest on bank deposits, | 64.30 |
| | |
| Total, | $4,563.40 |

■ In her income tax return for 1940, petitioner reported one-half of the $4,563.-40 as a part of her taxable income. The Tax Court held that the $4,563.40 was taxable to the estate, and that no part thereof was taxable to petitioner. In this the Tax Court erred. Being the owner of a one-half interest in the community property, petitioner owned one-half of the income therefrom. Since ownership is the test of taxability,[4] petitioner's half of the $4,563.40 was taxable to her, not to the estate.

■ For her services as executrix, petitioner was paid in 1940 a fee of $1,928.09. The fee was paid from community funds—in other words, from funds one-half of which belonged to petitioner. In her income tax return for 1940, petitioner reported one-half of the fee. The Tax Court held that the entire fee was income of petitioner and should have been so reported by her. In this the Tax Court erred. One-half of the fee having been paid from petitioner's funds, only the other half constituted income of petitioner.

■ The community property included securities on the sale of which a transfer tax of $461.48 was paid in 1940 and an automobile on which a tax of $34 was paid in 1940. These taxes, aggregating $495.48, were paid by the executrix and executor from community funds—in other words, from funds one-half of which belonged to petitioner. In her income tax return for 1940, petitioner, in computing her net income, deducted from her gross income one-half of the $495.48.[5] The Tax Court held that the $495.48 was deductible by the estate in computing its net income for 1940, and that no part thereof was deductible by petitioner. In this the Tax Court erred. Having been paid from petitioner's funds, one-half of the $495.48 was deductible by her, not by the estate.

■ The community property included securities acquired by petitioner and decedent between April 20, 1931, and October 29, 1937, at a cost of $65,672.52. In 1940 the executrix and executor sold these se-

[1] Section 161a of the California Civil Code provides: "The respective interests of the husband and wife in community property during continuance of the marriage relation are present, existing and equal interests under the management and control of the husband * * *."

[2] Section 201 of the California Probate Code provides: "Upon the death of either husband or wife, one-half of the community property belongs to the surviving spouse; the other half is subject to the testamentary disposition of the decedent * * *."

[3] Section 202 of the California Probate Code provides: "Community property

passing from the control of the husband, either by reason of his death or by virtue of testamentary disposition by the wife, is subject to his debts and to administration * * *."

[4] Poe v. Seaborn, 282 U.S. 101, 51 S. Ct. 58, 75 L.Ed. 239; Goodell v. Koch, 282 U.S. 118, 51 S.Ct. 62, 75 L.Ed. 247; Hopkins v. Bacon, 282 U.S. 122, 51 S.Ct. 62, 75 L.Ed. 249; Bender v. Pfaff, 282 U. S. 127, 51 S.Ct. 64, 75 L.Ed. 252; United States v. Malcolm, 282 U.S. 792, 51 S. Ct. 184, 75 L.Ed. 714.

[5] See § 23(c) of the Revenue Act of 1938, 26 U.S.C.A. Int.Rev.Code, § 23(c).

curities for $31,985.75—$33,686.77 less than their cost. In her income tax return for 1940, petitioner reported a long-term capital net loss of $16,843.38 (one-half of $33,-686.77) and, in computing her net income, deducted from her gross income $8,421.69 (one-half of $16,843.38.)[6] The Tax Court held that the entire loss resulting from the sale was deductible by the estate in computing its net income for 1940, and that no part thereof was deductible by petitioner. In this the Tax Court erred. Being the owner of a one-half interest in the securities, petitioner sustained one-half of the loss resulting from the sale. Thus petitioner sustained a loss of $16,843.38, one-half of which was deductible by her, not by the estate.

██ The community property included tax-free covenant bonds on which, in 1940, the executrix and executor collected interest in the sum of $200. On that interest a tax of $4 (2% of $200) was paid at the source. In her income tax return for 1940, petitioner, in computing her tax, took credit for one-half of the $4.[7] The Tax Court held that the payment mentioned entitled the estate to a credit of $4 and did not entitle petitioner to any credit. In this the Tax Court erred. Being the owner of a one-half interest in the bonds and in the interest thereon, petitioner was entitled to the credit taken in her return.

The Tax Court appears to have assumed that, upon decedent's death, petitioner's half of the community property ceased to be hers and became a part of decedent's estate. The assumption is incorrect.[8] Petitioner's half, like decedent's half, was subject to administration,[9] but, unlike his half, her half never became a part of his estate.[10]

In support of the Tax Court's decision, respondent cites Rosenberg v. Commissioner, 9 Cir., 115 F.2d 910; Commissioner v. Larson, 9 Cir., 131 F.2d 85; and Barbour v. Commissioner, 5 Cir., 89 F.2d 474. These cases have no relevancy here, for the following reasons:

The Rosenberg case involved community property acquired in California before July 29, 1927—the date on which § 161a of the California Civil Code [11] became effective. The instant case involves community property acquired in California after July 29, 1927.

The Larson case involved community property in the State of Washington. This court held that, by the law of that State, the "ownership" of income derived from such property, including that derived from the wife's half, after the husband's death and during administration of his estate, is "in the executor or administrator." [12] There is no such law with respect to community property acquired in California after July 29, 1927.

The Barbour case involved community property in the State of Texas. The Circuit Court of Appeals for the Fifth Circuit held that, by the law of Texas, community property, upon the husband's death, "is as an entirety regarded * * * as belonging to his estate." [13] There is no such law with respect to community property acquired in California after July 29, 1927.

Decision reversed and case remanded for further proceedings in conformity with this opinion.

---

[6] See § 117(b) of the Revenue Act of 1938, 26 U.S.C.A. Int.Rev.Code, § 117(b).

[7] See §§ 32 and 143 of the Revenue Act of 1938, 26 U.S.C.A. Int.Rev.Code, §§ 32, 143.

[8] See footnote 2. See, also, United States v. Goodyear, 9 Cir., 99 F.2d 523; Overton v. Sampson, 9 Cir., 138 F.2d 417.

[9] See footnote 3.

[10] See cases cited in footnote 8.

[11] See footnote 1.

[12] Commissioner v. Larson, supra [131 F.2d 87].

[13] Barbour v. Commissioner, supra [89 F.2d 475].